## FISCHER *v.* ST. LOUIS.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 204.   Argued April 12, 1904.—Decided May 16, 1904.

It is within the power of a municipality when authorized by the law of the State, to make a general police regulation subject to exceptions, and to delegate the discretion of granting the exceptions to a municipal board or officer and the fact that some may be favored and some not, does not, if the ordinance is otherwise constitutional, deny those who are not favored the equal protection of the law.

The ordinance of the city of St. Louis, prohibiting the erection of any dairy or cow stable within the city limits without permission from the municipal assembly and providing for permission to be given by such assembly, is

a police regulation, and is not unconstitutional as depriving one violating the ordinance of his property without due process of law, or denying him the equal protection of the laws.

Whether such an ordinance is violated is not a Federal question, and this court is bound by the decision of the state court in that respect.

THIS proceeding was originally instituted by a criminal complaint filed by the city of St. Louis against Fischer in the Police Court for a violation of an ordinance of the city in erecting, building and establishing on certain premises occupied by Fischer, at Nos. 7208 and 7210 North Broadway, a dairy and cow stable without first having obtained permission so to do from the municipal assembly by proper ordinance, and for maintaining such dairy and cow stable without permission of such assembly.

Motion was made to quash the complaint upon the ground, amongst others, that section 5 of the ordinance under which the conviction was held was in violation of the Fourteenth Amendment of the Constitution of the United States.

The case was submitted to the court upon the following agreed statement of the facts:

"The plaintiff, the City of St. Louis, is a municipal corporation, organized and existing under the laws of the State of Missouri, and defendant is and was on the sixteenth day of November, 1898, the occupant of certain premises known as 7208 and 7210 North Broadway, in the city of St. Louis, State of Missouri, upon which premises, at said time, stood a dwelling house and frame stable, which had been erected and built prior to the occupancy of said premises by defendant.

"At the time of the approval of ordinance No. 18,407, of said city and State, said premises, buildings, and stable were occupied and in use by a certain party other than this defendant, for the purpose of operating a dairy and maintaining a cow stable, and this defendant was, at the same time, operating a dairy and maintaining a cow stable on premises known as No. 6305 Bulwer avenue, said city and State. Some time in the month of March, 1898, the said premises at Nos. 7208 and

7210 North Broadway *were abandoned* as a dairy and cow stable, and the dwelling house thereon was occupied by a private family for *residence purposes only,* and no dairy or cow stable was maintained on said premises from March, 1898, until some time in September, 1898. In September, 1898, defendant moved his cows, about thirty in number, from premises No. 6305 Bulwer avenue, said city, on to premises Nos. 7208 and 7210 North Broadway, said city, placed them in an old stable, and did proceed to conduct upon said premises a dairy establishment and produce from said cows milk, and sell the same to his customers for profit, and was doing so on the said sixteenth day of November, 1898, without having first obtained permission so to do from the municipal assembly by proper ordinance, as provided by section 5 of ordinance No. 18,407 of the city of St. Louis, approved April 6, 1896," a copy of which section is given in the margin.[1]

Upon this state of facts defendant was convicted and fined. An appeal was granted to the St. Louis Court of Criminal Correction, which affirmed the judgment. An appeal was then taken to the Supreme Court of the State, where the judgment was again affirmed. 167 Missouri, 654.

*Mr. Louis A. Steber,* with whom *Mr. J. E. McKeighan* was on the brief, for plaintiff in error in No. 204; *Mr. G. N. Fickeissen,* with whom *Mr. J. D. Johnson* was on the brief, for plaintiff in error in No. 62, which involved the same ordinance, and was argued simultaneously with this case:

In a suit brought to this court from a state court, which involves the constitutionality of ordinances made by a munic-

---

[1] Sec. 5. No dairy or cow stable shall hereafter be erected, built or established within the limits of this city without first having obtained permission so to do from the municipal assembly by proper ordinance, and no dairy or cow stable not in operation at the time of the approval of this ordinance shall be maintained on any premises unless permission so to do shall have been obtained from the municipal assembly by proper ordinance. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined not less than one hundred nor more than five hundred dollars.

ipal corporation, this court will, when necessary, put its own independent construction upon the ordinances. *Yick Wo* v. *Hopkins*, 118 U. S. 356, 366; *Minnesota* v. *Barber*, 136 U. S. 313; *State* v. *Sponagle*, 45 W. Va. 415.

An ordinance which denies to a person the right to engage in a lawful business or occupation followed and engaged in by others. deprives such person of his property and liberty without due process of law, abridges his privileges and denies him the equal protection of the laws, contrary to the provisions of the Fourteenth Amendment, and is void. *In re Hong Wah,* 82 Fed. Rep. 623; *In re Tie Lay,* 26 Fed. Rep. 611, 615; *Barthet* v. *New Orleans*, 24 Fed. Rep. 563, 566; *In re Quong Woo*, 13 Fed. Rep. 229; *City of Newton* v. *Belger*, 143 Massachusetts, 598; *Tugman* v. *Chicago*, 78 Illinois, 405; *Mayor* v. *Thorne*, 7 Paige, 261; *St. Louis* v. *Dorr*, 145 Missouri, 466; *St. Louis* v. *Hill*, 116 Minnesota, 466, 485, 501.

An ordinance which treats a lawful business and occupation, irrespective of location or the manner in which it is carried on, as a nuisance and tends to suppress such business, denies to the person or persons carrying on such business the equal protection of the law and tends to create a monopoly, and is void as conflicting with the Fourteenth Amendment. *The Stockton Laundry Case*, 26 Fed. Rep. 611, 614; *State* v. *Mahner*, 43 La. Ann. 496; *Yates* v. *Milwaukee*, 10 Wall. 497.

Under the decision of the Supreme Court of the State of Missouri the scope, purpose and effect of this ordinance is to compel the dairymen of St. Louis to move their business outside the limits of the city whenever by circumstances they are compelled to leave the premises upon which their dairies and cow stables were in operation at the time the ordinance went into effect. Such an ordinance tends to destroy a lawful occupation and business and conflicts with the Fourteenth Amendment. Cases cited *supra.*

The police power of the State extends only to the regulation of the pursuits of man, so that they shall not become, in their mode of exercise, unhealthy, noisome, dangerous, or otherwise

destructive or injurious to the common interests of the community. *In re Jacobs*, 96 N. Y. 98; *Barthet* v. *New Orleans*, 24 Fed. Rep. 563; *In re Andrew Frazee*, 63 Michigan, 396; *Mayor* v. *Radecke*, 49 Maryland, 217; *State* v. *Tenant*, 110 N. Car. 609; *City* v. *Dudley*, 129 Indiana, 112; *Anderson* v. *City*, 40 Kansas, 173.

If § 5 of the ordinance is under the charter power to "prohibit" it must apply to all persons alike and without discrimination. The same rule applies to the power to "regulate." You cannot by special ordinance "prohibit" "B" and at the same time "regulate" "A." *Tugman* v. *Chicago*, 78 Illinois, 405, 409; *Hibbard* v. *Chicago*, 173 Illinois, 91, 98; *St. Louis* v. *Russell*, 116 Missouri, 248, 257, 258; *State* v. *Walsh*, 136 Missouri, 400, 406; *Shreveport* v. *Robinson*, 51 La. Ann. 1314; *Town of Crowley* v. *West*, 52 La. Ann. 526, 534; Cooley Const. Lim., 6th. ed. p. 137, note 1, and p. 481.

There is a substantial difference between "prohibition" and "regulation." *Chillicothe* v. *Brown*, 38 Mo. App. 617; *State* v. *Burgdoerfer*, 107 Missouri, 1, 24–26; *State* v. *Mott*, 61 Maryland, 297, 308–309; *Merced County* v. *Fleming*, 111 California, 46, 50; *Los Angeles* v. *Hollywood Cemetery Assn.*, 124 California, 344, 349.

Whatever charter power be relied upon, whether it be to "prohibit" or to "regulate," it must be by general laws, or ordinances, applying to all alike, of the same class. The exercise of the power, in any given particular or individual case, cannot be delegated to any individual, officer, board, committee, or even to the municipal legislative body itself. Cases *supra; Newton* v. *Belger*, 143 Massachusetts, 598; *Richmond* v. *Dudley*, 129 Indiana, 112; *State* v. *Dubarry*, 44 La. Ann. 1117; *State* v. *Tenant*, 110 N. Car. 609.

Section 5 of the ordinance does not condemn all dairies or cow stables, but only such as are "erected" without the permission of the municipal assembly. This body possesses only the delegated powers. The legislature, which is the representative of, what might be termed, the sovereign power,

cannot, constitutionally, declare a given use of a particular property as harmful or as a nuisance. This would be exercising a judicial function. *Quintini* v. *Bay St. Louis*, 64 Mississippi, 483; Tiedeman on Police Powers, sec. 122a, p. 426; Wood on Nuis. 3d ed. sec. 744, p. 976; *Mayor* v. *Thorne*, 7 Paige (N. Y.), 261; *Hutton* v. *Camden*, 39 N. J. L. 122, 130; *New Orleans* v. *Blineau*, 3 La. Ann. 689; *State* v. *Mott*, 61 Maryland, 297, 308; *Evansville* v. *Miller*, 146 Indiana, 613, 620; *Eden* v. *The People*, 161 Illinois, 296, 308.

The judicial powers cannot be delegated as attempted in § 5 of the ordinance. Cooley Const. Lim. 6th ed. pp. 137, 504.

The theory of our government, state and national, is opposed to the deposit of unlimited power anywhere. The executive, legislative and the judicial branches of these governments are all of limited and defined power. *Curry* v. *District of Columbia*, 14 App. D. C. 423, 439; *Loan Association* v. *Topeka*, 20 Wall. 622; *Minnesota* v. *Barber*, 136 U. S. 313, 320; *Railroad Co.* v. *Chicago*, 166 U. S. 226, 237; *State* v. *Loomis*, 115 Missouri, 307, 313; *Railroad Co.* v. *State*, 47 Nebraska, 549, 573.

The personal liberty of the citizen and his right of property cannot thus be invaded under the guise of a police regulation. *Ex parte Sing Lee*, 96 California, 354, 358; Dill. Munic. Corp. 4th ed. § 374, p. 447; *River Rendering Co.* v. *Behr*, 77 Missouri, 91, 98, 99; *State* v. *Julow*, 129 Missouri, 163, 177; *Allgeyer* v. *Louisiana*, 165 U. S. 578, 589; *United States* v. *Sweeney*, 95 Fed. Rep. 434, 450, and cases *supra*.

Section 5 being highly penal in its nature and consequences must be subject to strict construction. This is the rule in Missouri. *St. Louis* v. *Dorr*, 136 Missouri, 370, 375; *St. Louis* v. *Robinson*, 135 Missouri, 460, 470. Its provisions cannot be carried beyond its express terms. *Pacific* v. *Seifert*, 79 Missouri, 210, 215; *State* v. *Schuchmann*, 133 Missouri, 111, 117.

When doubts arise concerning their interpretation, such doubts are to weigh only in favor of the accused. *Canton* v.

*Dawson,* 71 Mo. App. 235, 239; *State .v. Bryant,* 90 Missouri, 534, 537, 538; *Westport* v. *Mastin,* 62 Mo. App. 658. .

Mr. *William F. Woerner,* with whom *Mr. Charles W. Bates* and *Mr. C. R. Skinker* were on the brief, for defendant in error:

The only question is whether the ordinance in question violates the Fourteenth Amendment. On all other points the plaintiff in error is concluded by the ruling of the state Supreme Court. *Barbier* v. *Connolly,* 113 U. S. 27; *Wilson* v. *Eureka,* 173 U. S. 32; *Crowley* v. *Christensen,* 137 U. S. 86; *Gundling* v. *Chicago,* 177 U. S. 183.

That permission of the municipal assembly must be obtained before establishing or maintaining a dairy within the city limits, does not operate as a violation of the Fourteenth Amendment. Cases *supra,* and *Davis* v. *Massachusetts,* 167 U. S. 43, 48; *St. Louis* v. *Galt,* 77 S. W. Rep. (Mo.) 876; *Ex parte Fiske,* 72 California, 124, 126; *Slaughter House Cases,* 16 Wall. 36, 80.

The charter provisions confer on the city express power to prohibit altogether the erection or maintenance of cow stables and dairies as well as to remove and regulate the same. Under these provisions it is competent to impose, instead of absolute prohibition, the lesser restriction, upon all persons desiring to erect or maintain a dairy, of first obtaining permission so to do from the municipal assembly and mayor by ordinance. The maintenance of dairies and cow stables within the city limits is not an absolute right, but a privilege, and whether under the individual circumstances of each case the operation of a dairy in the particular locality may be advantageous or injurious to the public is a question the determination of which is properly left to the discretion of the municipal assembly, and the ordinance is not for that reason void as conferring an arbitrary and unregulated power. Cases *supra,* and *Commonwealth* v. *Parks,* 155 Massachusetts, 531; *Quincy* v. *Kennard,* 151 Massachusetts, 563; *In re Flaherty,* 105 California, 558, 562; *Ex parte Fiske,* 72 California, 124; *Easton* v. *Covey,*

74 Maryland, 262; *Love* v. *Judge*, 128 Michigan, 545; *St. Louis* v. *Howard*, 119 Missouri, 47; *St. Louis* v. *Weber*, 44 Missouri, 547; *State ex rel.* v. *Holt*, 39 Missouri, 521; *Perry* v. *Salt Lake*, 7 Utah, 143; *Hine* v. *New Haven*, 40 Connecticut, 478; *Commonwealth* v. *Davis*, 162 Massachusetts, 510; *State ex. rel.* v. *Schweickardt*, 109 Missouri, 496, 514.

Where the determination of the question whether the pursuit of a certain occupation, which may or may not be a nuisance according to conditions and circumstances, is left to the discretion of the municipal assembly, the presumption is indulged by the courts that such body will make the proper investigation and act impartially, not that it will favor one and discriminate against another, or exercise its powers for purposes of profit or oppression. Cases *supra*, and *Soon Hing* v. *Crowley*, 113 U. S. 703, 710.

The possibility of the abuse of legislative power does not disprove its existence. That possibility exists even in reference to powers that are conceded to exist. *Powell* v. *Pennsylvania*, 127 U. S. 678, 686; *Williams* v. *Mississippi*, 170 U. S. 213, 225; *Verdin* v. *St. Louis*, 131 Missouri, 26, 130.

As it does not appear upon the face of the ordinance, or from any facts in evidence or of which the court must take judicial cognizance, that it infringes rights secured by the fundamental law, or that there is any unjust discrimination, the legislative determination of the questions of public policy requiring its enactment is conclusive upon this court and forms no subject for Federal interference. *Powell* v. *Pennsylvania*, 127 U. S. 678; *Gundling* v. *Chicago*, 177 U. S. 183, 187; *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238, 246; *State* v. *Layton*, 160 Missouri, 474, 498.

The ordinance is a valid exercise of the police power expressly delegated by the State to the city. The Fourteenth Amendment was not designed to interfere with the exercise of the police power by the States, and nothing in that amendment has shorn the States of their police power to prohibit or regulate trades and occupations which are or may be un-

wholesome, nor of regulating the use of property so as to guard against a use which is injurious to the community. Cases *supra*, and *Holden* v. *Hardy*, 169 U. S. 366, 392; *State* v. *Broadbelt*, 89 Maryland, 565; *Ferrenbach* v. *Turner*, 86 Missouri, 416; *In re Linehan*, 72 California, 114; *Lawton* v. *Steele*, 152 U. S. 133; 2 Tiedeman on State and Fed. Control, 730, § 145; Parker & Worthington on Public Health, § 254, p. 291; *St. Louis* v. *Galt, supra; Ex parte Cheney*, 90 California, 617; *Westport* v. *Mulholland*, 159 Missouri, 86, 94.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.·

The authority of the city of St. Louis to adopt the ordinance in question is found in the Revised Statutes of the State, (1899, pp. 2486 and 2488,) which declares: "The mayor and assembly shall have power, within the city, by ordinance not inconsistent with the Constitution, or any law of this State, or of this charter, . . . to . . . prohibit the erection of . . . . cow stables and dairies . . . within prescribed limits, and to remove and regulate the same."

"Finally, to pass all such ordinances, not inconsistent with the provisions of this charter or of the laws of the State, as may be expedient in maintaining the peace, good government, health and welfare of the city, its trade, commerce and manufactures, and to enforce the same by fines and penalties not exceeding five hundred dollars and by forfeitures not exceeding one thousand dollars."

The authority of the municipality of St. Louis, under this charter, to adopt the ordinance in question was settled by the decision of the Supreme Court, and is not open to attack here.

Considerable stress is laid upon the fact that at the time the ordinance was adopted, (April 6, 1896,) the dairy and cow stable had already been erected and at that time was occupied and in use for that purpose, though such use was subsequently abandoned and the premises used as a private residence for a

short time, when defendant moved his cattle there and established anew the dairy and cow stable which had theretofore been used. The Supreme Court, however, found that defendant was guilty of maintaining a dairy and cow stable within the meaning of the ordinance without permission of the municipal assembly, and as this construction of the ordinance involves no Federal question, we are relieved from the necessity of considering it.

Defendant's objection to the ordinance, that it is made to apply to the whole city when authority was only given by the charter to prohibit the erection of cow stables and dairies "within prescribed limits," is equally without foundation. If it were possible to prescribe limits for the operation of the ordinance it was held by the Supreme Court to be equally possible to declare that those limits should be coincident with the limits of the city. This is also a non-Federal question.

Defendant's main contention, however, is that, by vesting in the municipal assembly the power to permit the erection of dairy and cow stables to certain persons, a discrimination is thus declared in favor of such persons and against all other persons, and the equal protection of the laws denied to all the disfavored class. The power of the legislature to authorize its municipalities to regulate and suppress all such places or occupations as in its judgment are likely to be injurious to the health of its inhabitants or to disturb people living in the immediate neighborhood by loud noises or offensive odors, is so clearly within the police power as to be no longer open to question. The keeping of swine and cattle within the city or designated limits of the city has been declared in a number of cases to be within the police power. The keeping of cow stables and. dairies is not only likely to be offensive to neighbors, but it is too often made an excuse for the supply of impure milk from cows which are fed upon unhealthful food, such as the refuse from distilleries, etc. *In re Linehan,* 72 California, 114; *Quincy* v. *Kennard,* 151 Massachusetts, 563; *Love* v. *Judge,* 128 Michigan, 545.

We do not regard the fact that permission to keep cattle may be granted by the municipal assembly as impairing in any degree the validity of the ordinance, or as denying to the disfavored dairy keepers the equal protection of the laws. Such discrimination might well be made where one person desired to keep two cows and another fifty; where one desired to establish a stable in the heart of the city and another in the suburbs; or, where one was known to keep his stable in a filthy condition and another had established a reputation for good order and cleanliness. Such distinctions are constantly made the basis for licensing one person to sell intoxicating liquors and denying it to others. The question in each case is whether the establishing of a dairy and cow stable is likely, in the hands of the applicant, to be a nuisance or not to the neighborhood, and to imperil or conduce to the health of its customers. As the dispensing power must be vested in some one, it is not easy to see why it may not properly be delegated to the municipal assembly which enacted the ordinance. Of course, cases may be imagined where the power to issue permits may be abused and the permission accorded to social or political favorites and denied to others, who for reasons totally disconnected with the merits of the case are distasteful to the licensing power. No such complaint, however, is made to the practical application of the law in this case, and we are led to infer that none such exists. We have no criticism to make of the principle of granting a license to one and denying it to another, and are bound to assume that the discrimination is made in the interest of the public, and upon conditions applying to the health and comfort of the neighborhood. *Crowley* v. *Christensen,* 137 U. S. 86; *Davis* v. *Massachusetts,* 167 U. S. 43; *Soon Hing* v. *Crowley,* 113 U. S. 703, 710.

The only alternative to the allowance of such exceptions would be to make the application of the ordinance universal. This would operate with great hardship upon persons who desire to establish dairies and cow stables in the outskirts of the city, as well as inconvenience to the inhabitants, who to

that extent would be limited in their supply of milk. It would be ,exceedingly difficult to make exceptions in the ordinance itself without doing injustice in individual cases, and we see no difficulty in vesting in some body of men, presumed to be acquainted with the business and its conditions, the power to grant permits in special cases. It has been held in some of the state courts to be contrary to the spirit of American institutions to vest this dispensing power in the hands of a single individual, *Chicago* v. *Trotter*, 136 Illinois, 430; *Matter of Frazee*, 63 Michigan, 396; *State* v. *Fiske*, 9 R. I. 94; *Baltimore* v. *Radecke*, 49 Maryland, 217; *Sioux Falls* v. *Kirby*, 6 S. Dak. 62, and in others that such authority cannot be delegated to the adjoining lot owners. *St. Louis* v. *Russell*, 116 Missouri, 248; *Ex parte Sing Lee*, 96 California, 354. But the authority to delegate that discretion to a board appointed for that purpose is sustained by the great weight of authority, *Quincy* v. *Kennard*, 151 Massachusetts, 563; *Commonwealth* v. *Davis*, 162 Massachusetts, 510, and by this court the delegation of such power, even to a single individual, was sustained in *Wilson* v. *Eureka City*, 173 U. S. 32, and *Gundling* v. *Chicago*, 177 U. S. 183.

Whether the defendant be in a position to avail himself of the alleged invalidity of the ordinance without averring that he applied for and had been refused a permit to establish the dairy and cow stable in question, as was intimated in the latter case, is not necessary to a decision here, and we express no opinion upon the point.

It is sufficient for us to hold, as we do, that the ordinance in question does not deprive the defendant of his property without due process of law, nor deny to him the equal protection of the laws.

The judgment of the Supreme Court of Missouri is, therefore,

                                                        *Affirmed.*