### STATE v. R. G. DIRNBERGER.[1]

April 21, 1922.

No. 22,747.

**City of Minneapolis — ordinance regulating public laundries.**

1. An ordinance of the city of Minneapolis providing that no person shall operate a laundry within the city without first obtaining a permit from the city council is within the general powers granted by the city charter to the city council to make all such ordinances for the government and good order of the city as it shall deem expedient and enact ordinances imposing penalties upon parties who may create or suffer nuisances to exist.

**Equal protection of law not denied.**

2. Such ordinance is not contrary to the Fourteenth Amendment to the Federal Constitution because of its application only to laundries thereafter to be established.

[1] Reported in 187 N. W. 972.

Defendant was charged with violating an ordinance of the city of Minneapolis, tried in the municipal court of that city before Baldwin, J., found guilty and ordered to pay a fine of $100. From an order denying his motion for a new trial and from the judgment, defendant appealed. Affirmed.

*Mead & Bryngelson,* for appellant.

*Neil M. Cronin,* City Attorney, and *Thomas B. Kilbride,* Assistant City Attorney, for respondent.

HALLAM, J.

1. In April, 1921, defendant commenced the operation of a public laundry at Nineteenth street and Third avenue south, in Minneapolis. In June, 1921, defendant applied to the city council for a permit to conduct his laundry. The permit was refused. He continued to operate, a complaint was filed against him for operating a laundry without a permit and he was tried and convicted. He appeals.

The ordinance under which he is prosecuted reads as follows:

"Section 1. No person * * * shall hereafter erect, keep, operate or maintain within the limits of the city of Minneapolis any laundry * * * unless such person * * * shall have first obtained permission from the City Council of the City of Minneapolis, authorizing the same, and the Inspector of Buildings of said city shall not grant a permit for any building or structure for any of the purposes aforesaid until such permission is obtained from the city council; provided that this ordinance shall not apply to any building or structure in the city of Minneapolis now used and occupied by any person * * * for any of the purposes aforesaid."

The language of the ordinance amply covers the case. But it is contended the ordinance is void. The first contention is that the ordinance is ultra vires. By section 1, chapter 1, the city is given "all the general powers possessed by municipal corporations at common law." By section 46, chapter 4, of the city charter, the city council is given power "to regulate and designate where the following kinds of business or amusement may be located or carried on: Foundries, tanneries, dye houses, boiler shops, rendering houses,

store houses for oil and powder, glue factories, soap houses, store houses for hides, stables, roller rinks and base ball grounds." This charter provision gives no power to regulate laundries. There are other provisions in the charter as follows:

"The city council shall have full power and authority to make * * * and enforce all such ordinances for the government and good order of the city * * * as it shall deem expedient."

"To regulate the construction of buildings and prohibit the construction of buildings not conforming to such standards. It shall also have authority to enact ordinances imposing penalties upon persons or parties who may create, continue or suffer nuisances to exist." Section 5, chapter 4, City Charter of Minneapolis.

In State v. Sugarman, 126 Minn. 477, 148 N. W. 466, 52 L. R. A. (N. S.) 999, it was held that the powers granted to the city council by the general provisions above cited are not restricted to the subjects above specifically enumerated. In the absence of some express or implied limitation of the general powers we deem this the proper rule. This being the construction of the charter, argument is hardly necessary to the proposition that public laundries are proper subjects of municipal regulation and that the general provisions above cited are broad enough to confer upon the city council the power of regulation. Walcher v. First Presby. Church, 76 Okl. 9, 184 Pac. 106, 6 A. L. R. 1593; see City of St. Paul v. Kessler, 146 Minn. 124, 178 N. W. 171.

2. The next contention is that the ordinance is class legislation and for that reason in violation of the Fourteenth amendment to the U. S. Constitution which guarantees to all persons equal protection of the law. The objection to this ordinance is that it exempts from its operation those already in the business and that it therefore denies to those who are about to go into the business the equal protection of the laws. It does not altogether exempt existing laundries from its operation. But to the extent that it does so we do not think it void.

The law-making power is not required by the Fourteenth amendment to legislate for all persons alike, but it must treat alike all who are in the same condition, that is, the persons subjected to the law

may be classified, but the classification must not be fanciful or arbitrary, but must rest on some principle which may naturally or properly distinguish or disclose the necessity or propriety of different legislation. State v. Sheriff of Ramsey County, 48 Minn. 236, 51 N. W. 112, 31 Am. St. 650; State v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L. R. A. 677, 65 Am. St. 565; State v. Nolan, 108 Minn. 170, 122 N. W. 255.

Ordinances establishing restricted districts in which certain trades or occupations are forbidden have been held void, if they except from their operation those already established. Tugman v. City of Chicago, 78 Ill. 405; Weadock v. Judge of Recorder's Court of Detroit, 156 Mich. 376, 120 N. W. 991, 132 Am. St. 527, 16 Ann. Cas. 720.

But this ordinance is somewhat different from those so held void. It does not prohibit the establishment of new laundries within any district. It merely requires one desiring to start a laundry anywhere in the city to obtain permission of the city council. The city council may never in fact exclude an applicant from a district where laundries are operated. It may never impose any condition not common among existing laundries. There may be no discrimination at all. Then too, it must be borne in mind that laundries of a certain character may be permissible in some localities, while others of a different character might be a nuisance there. The question before the council in each case will be whether the establishment of a laundry in the hands of the particular applicant is likely to be a nuisance or not to the particular neighborhood where it is proposed. There is nothing unconstitutional in vesting the dispensing power in such case in the city council. This was settled in Fisher v. St. Louis, 194 U. S. 361, 24 Sup. Ct. 673, 48 L. ed. 1018, a case in which the court upheld an ordinance which forbade the erection of a dairy or cow-stable except by permission of the municipal assembly. It was said in that case, it is not easy to see why the dispensing power may not properly be delegated to the municipal assembly which enacted the ordinance. The court further said that cases may be imagined where the power to issue permits may be abused and permission accorded to some and denied to others for reasons dis-

connected with the merits of the case. It is made clear, however, that this fact presents no constitutional objection to the ordinance. The question of what might be the right of the parties in case the council should ever so discriminate is not before us. No such complaint is made in this case.

Order affirmed.

DIBELL, J. (concurring in part.)

I concur in the views expressed in paragraph 2, but not in those expressed in paragraph 1.