## STATE v. THOMAS MORROW.[1]

October 12, 1928.

No. 26,949.

**License for open air parking places in Minneapolis.**

1. The general welfare clause of the charter of Minneapolis *held* to confer upon the common council power to enact an ordinance for the licensing of open air automobile parking places.

**Omission to prescribe standards to control issue of licenses immaterial.**

2. It is no objection to such ordinance that it does not prescribe any standards to control the granting and refusing of licenses.

**Omission of small parking places not objectionable.**

3. Neither is it an objection that the ordinance omits from its scope parking places for less than ten cars. Such a measure is not invalid because it does not extend to all cases which it might possibly reach.

Motor Vehicles, 42 C. J. p. 652 n. 43.

[1]Reported in 221 N. W. 423.

Defendant appealed from a judgment of the municipal court of Minneapolis, Carroll, J. convicting him of a violation of the city ordinance. Affirmed.

*John G. Priebe,* for appellant.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for respondent.

STONE, J.

This appeal from a judgment of conviction presents questions which go only to the validity of the ordinance under which defendant was prosecuted. It prohibits the operation in Minneapolis of any "open air motor vehicle parking place" where ten or more motor vehicles may be or are parked for hire unless a license is first procured from the city council. The annual fee for such a license is $10. The ordinance does not make any essentials of person or place prerequisite to a license. Violations are punishable by a fine not exceeding $100 or by imprisonment of not more than 90 days.

1. The objection that under the charter of Minneapolis the city council has no power to enact such an ordinance we consider foreclosed by former decisions. The charter provides (c. 4, § 5) that the council "shall have full power and authority to make * * * such ordinances for the government and good order of the city, * * * as it shall deem expedient." There is in the following context the usual enumeration of callings and businesses which may be licensed and otherwise regulated. But we have held very recently that the general welfare clause is not limited to the things so enumerated, and that it authorizes the regulation and licensing of automobile filling stations. Crescent Oil Co. v. City of Minneapolis, 175 Minn. 276, 221 N. W. 6. Our prior holdings are there cited. Such a general welfare clause as that found in the charter of Minneapolis is intended to make the powers of the council sufficiently expansive to enable them to meet and provide for new conditions as they arise. Having held, upon what appeared to us ample reason, that automobile filling stations may be licensed, we

see no way of avoiding the conclusion that open air automobile parking places are equally subject to supervision and regulation.

2. Much can be said in support of the argument which criticizes the ordinance because it fails to prescribe any standard to govern the council in granting or refusing licenses. It is silent as to both the grounds upon which parking places are subjected to regulation and the purpose of it. But here again the point has been settled adversely to defendant. The propriety of vesting such a discretion as that now involved in a "board appointed for that purpose" was sustained in Fischer v. City of St. Louis, 194 U. S. 361, 372, 24 S. Ct. 673, 48 L. ed. 1018. In State v. Dirnberger, 152 Minn. 44, 47, 187 N. W. 972, it was considered that the decision in Fischer v. City of St. Louis settled the proposition that there is nothing unconstitutional in vesting such a broad "dispensing power" in a city council. The Dirnberger case, 152 Minn. 44, 187 N. W. 972, sustained an ordinance for the licensing of laundries. It was followed and the same result reached with respect to lumber yards in State v. Rosenstein, 148 Minn. 127, 181 N. W. 107.

3. There is no merit in the contention that the omission from the scope of the ordinance of parking places harboring less than ten cars results in unconstitutional classification. Even if such places as a whole require regulation, it may well be that the smaller ones can be sensibly ignored. The parking of a few cars on a lot is not apt to create a nuisance, impede traffic or obstruct sidewalks. So ordinarily there is nothing objectionable in confining such regulation to places having a capacity above a stated and reasonable minimum. There is no constitutional objection to such a measure because it does not extend "to all cases which it might possibly reach." Its failure to be "all embracing" does not render it unconstitutional. Miller v. Wilson, 236 U. S. 373, 384, 35 S. Ct. 342, 59 L. ed. 628, L. R. A. 1915F, 829.

The remaining argument for appellant, that the ordinance is unreasonable, is met by the principles and authorities already invoked and so requires no additional treatment. This of course does not foreclose the possibility of a case of arbitrary or capricious enforce-

ment of the ordinance requiring judicial interference. This record shows nothing of that kind. There is no suggestion, to say nothing of proof, that the annual license fee of $10 is in fact a tax for revenue purposes rather than a proper license fee.

Judgment affirmed.