J. L. MARQUIS, Appellant, v. CITY OF WATERLOO et al., Appellees.

No. 40161.

440

January 21, 1930.

Rehearing Denied May 16, 1930.

*Pickett, Swisher & Farwell,* for appellant.

*Carleton Sias,* City Solicitor, for appellees.

Wagner, J.—The city of Waterloo has adopted an ordinance establishing restricted residence districts within the city, and providing a penalty for the violation thereof. Section 1 of said ordinance provides:

. "That the hereinafter bounded property in the first ward in the city of Waterloo, Iowa, be and the same is hereby designated and established as a restricted residence district." (Here follows description of real estate.)

Sections 2, 3, and 4 of said ordinance are identical with Section 1, except that they describe real estate in the second, third, and fourth wards of the city. The remaining provisions of the ordinance are as follows:

"Sec. 5. That no building or other structures, except residences, schoolhouses, churches, and other similar structures shall hereafter be erected, reconstructed, altered, repaired or occupied within said restricted residence districts without first securing from the city council a permit therefor.

"Sec. 6. Any building or structure erected, altered, re-

paired or used in violation of any of the provisions of this ordinance is hereby declared to be a nuisance and may be abated as such in any action brought by the city of Waterloo, Iowa, in any court of competent jurisdiction.

"Sec. 7. Any person, firm or corporation violating any of the provisions of this ordinance shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished accordingly."

The statutory authority for the enactment of the aforesaid ordinance is found in Sections 6474, 6475, and 6476 of the Code, 1927, the provisions of which are as follows:

"Sec. 6474. Cities of the first and second class, including cities under commission form of government, may, and upon petition of sixty per cent of the owners of the real estate in the district sought to be affected residing in such city shall, designate and establish, by appropriate proceedings, restricted residence districts within its limits."

"Sec. 6475. In the ordinance designating and establishing such restricted residence district, every such city is hereby empowered to provide and establish reasonable rules and regulations for the erection, reconstruction, altering, and repairing of buildings of all kinds, within said district, as well as the use and occupancy of such buildings; and to provide that no building or other structure, except residences, schoolhouses, churches, and other similar structures, shall thereafter be erected, altered, or repaired, or occupied without first securing from the city council of such city a permit therefor, such permit to be issued under such reasonable rules and regulations as may in said ordinance be provided."

"Sec. 6476. Any building or structure erected, altered, repaired, or used in violation of any ordinance passed under the authority of the two preceding sections, shall be deemed a nuisance, and every such city is hereby empowered to provide by ordinance for the abatement of such nuisance, either by fine or imprisonment, or by action in the district or municipal court of the county in which such city is located, or by both; such action to be prosecuted in the name of the city."

The plaintiff has an interest in Lots 1, 2, and 5, in Block 1, Home Park Addition to the City of Waterloo, which is on the west side of Cedar River, which runs through the city. This

property is in the residential district, in the first ward of the city. His application for a permit to install underground storage tanks, and to erect and maintain a gasoline filling station upon said property, was denied by action of the city council, for the reason that the location of the proposed filling station is within one of the residential districts. The plaintiff then commenced this action in mandamus, to compel the issuance of a permit. The defendant alleges the aforesaid ordinance as a defense to plaintiff's petition. The plaintiff, by reply, avers, in substance, that said ordinance is unconstitutional and void, for the reason that it violates the provisions of the Fourteenth Amendment to the Constitution of the United States and the provisions of Article 1 (Bill of Rights) of the Constitution of the state of Iowa, in that said ordinance, and particularly Section 5 thereof, unreasonably interferes with the rights of property, vests the city authorities with arbitrary power, and undertakes to give to the city authorities an unrestrained and arbitrary discretion; that said ordinance is invalid, for the reason that it fails to specify rules and regulations under which a permit will be issued, and is prohibitive, and not restrictive; that there is a gasoline filling station within the restricted residential district of the first ward, one block from the property in question; and that the acts of the city in permitting the continued operation of said station, and the denial by the defendants of the permit asked by the plaintiff, constitute an illegal discrimination against him; that the city has been guilty of other acts (hereinafter referred to) which work an unlawful discrimination as against him.

The first question confronting us is: Is the ordinance unconstitutional because it vests in the city council the power to determine whether a permit shall be granted? This question is  fully answered in the negative by our pronouncement in *City of Des Moines v. Manhattan Oil Co.*, 193 Iowa 1096. The appellant herein does not question the constitutionality of the aforesaid statutory law under which the ordinance was enacted, which is the same as it was at the time of our pronouncement in the *Manhattan Oil Co.* case, except that cities of the second class are now given the same powers in this respect as were given by the original enactment

to cities of the first class, cities under commission form of government, and cities under special charter. In so far as the constitutionality of the ordinance is concerned, the ordinance which we are now considering is practically identical with the one considered in the *Manhattan Oil Co.* case. We deem it unnecessary to enter upon an extended discussion of the constitutional question, which in the cited case is so ably discussed. We therein said:

"This ordinance (with a single possible exception, hereinafter noted) appears to be in reasonably strict accord with the provisions of the act, and its validity must be conceded, unless we are compelled to hold that the act itself is void."

The writer therein points out the distinction between the ordinance there considered and the one involved in *Eubank v. City of Richmond*, 226 U. S. 137, and then declares:

"The ordinance upon which we are now called to pass is in marked contrast with the one in the *Eubank* case, supra. Nothing is left to the uncontrolled discretion of a committee or of private persons. It does not prohibit the erection within the restricted district of business buildings, shops, factories, gasoline stations, or any other class of buildings. It does provide, however, that the described area shall constitute a residence district, and that no buildings shall thereafter be erected therein, except residences, schoolhouses, churches, and similar structures, *without first procuring from the city council a permit therefor.* In other words, the provision so made is a regulation, and not a prohibition. That the regulation is, to this extent, a legitimate and reasonable exercise of the city's police power, is supported by a practically unbroken array of authority."

It will be observed that the ordinance in the instant case likewise provides that no building or other structures except residences, schoolhouses, churches, and other similar structures shall hereafter be erected, reconstructed, altered, repaired, or occupied within said restricted resident districts *without first securing from the city council a permit therefor.* We held in the *Manhattan Oil Co.* case that both the statute and the or-

dinance are constitutional, and said case is *stare decisis* for the instant case.

The appellant contends that *Rehmann v. City of Des Moines,* 200 Iowa 286, "annihilates the *Manhattan Oil Co.* case." Nothing therein said by way of discussion can be deemed either an express or implied overruling of our pronouncement in the *Manhattan Oil Co.* case. In the *Rehmann* case, an ordinary builder's permit had been issued by the city, and expense incurred by the one to whom the permit had been issued. The city attempted to revoke the permit. It was alleged by the city that the permit was procured by a promise to secure the consent of the property owners, or desist from making the improvement. On the issues joined, we found against the city. There was no question therein of the constitutionality of any statute or ordinance. It is apparent that anything therein said, by way of discussion, which may appear to be in conflict with our holding in the *Manhattan Oil Co.* case cannot be, and is not, controlling or decisive in the instant case.

There is some language in *Bear v. City of Cedar Rapids,* 147 Iowa 341, which is seemingly in conflict with the *Manhattan Oil Co.* case. A careful reading of the *Bear* case will disclose that the real basis of the decision in that case was the lack of authority or power by the city to enact the ordinance therein considered. Manifestly, whatever is said in the *Bear* case upon the subject now under consideration is dictum, and was impliedly rejected by the opinion in the *Manhattan Oil Co.* case; and said dictum used in the discussion in the *Bear* case cannot be, and is not, controlling or decisive in the instant case.

Appellant's chief complaint is that the ordinance is invalid, for the alleged reason that it fails to specify rules and regulations under which a permit will be issued. It will be observed  that, by the terms of the statutory law, the council *may* provide in the ordinance creating a residential district reasonable rules and regulations under which permits may be issued. The language of the statute is permissive. Appellant's contention is that, in so far as the question of the constitutionality of the ordinance is concerned, the clause " 'nor shall any such permit be granted when 60 per cent of the owners of real estate in said district residing in said city

object thereto,' " appearing in the ordinance considered in the *Manhattan Oil Co.* case, distinguishes it from the ordinance in the instant case. This contention of the appellant's is devoid of merit; for, in the cited case, we held that the ordinance was constitutional, regardless of the aforesaid quoted clause. We therein found it unnecessary to pass upon the validity of said clause, and held the ordinance constitutional, regardless of the validity or invalidity of said clause. What we, in effect, held in the cited case was that the ordinance herein involved, which is identical with the one there under consideration, without the portion which we therein refused to pass upon, is constitutional.

In the cited case, in holding the ordinance constitutional, we refer to *Storer v. Downey,* 215 Mass. 273 (102 N. E. 321). In that case, the city ordinance provided that:

"No building shall be erected for, or converted to use as, a garage, unless such use is previously authorized by the board of aldermen."

No rules or regulations under which the authority or permit is to be granted, is specified in the ordinance. The plaintiff therein presented a petition to the board of aldermen, which passed an order granting him authority to erect a garage. The mayor vetoed the order, giving as his reasons that he thought some policy regarding garages in residential districts should be adopted by the city, and because he was opposed to their establishment in residential districts contrary to the sentiment of abutting property owners. The board of aldermen failed to pass the order over the mayor's veto, and plaintiff brought action in mandamus, to compel the issuance of a permit. The court held that the reasons given by the mayor were sufficient to constitute a veto, but that the ordinance is a valid exercise of the police power, and that it, in its terms, differs in no essential particular from many others which have been sustained (citing numerous cases). It is therein aptly stated:

"Here the public board itself is empowered to deal with a subject which may endanger the safety of persons and property, and the ordinance does not exceed the scope of the statute."

Other courts have held that a failure to prescribe rules and regulations to govern the city council in granting or refusing

permits does not invalidate the ordinance. See *Fischer v. St. Louis,* 194 U. S. 361 (48 L. Ed. 1018); *State v. Morrow,* 175 Minn. 386 (221 N. W. 423); *State v. Dirnberger,* 152 Minn. 44 (187 N. W. 972); *In re Application of Larkin Co. v. Schwab,* 242 N. Y. 330 (151 N. E. 637); *State v. Rosenstein,* 148 Minn. 127 (181 N. W. 107). In the *Fischer* case, the Supreme Court of the United States declares:

"Defendant's main contention, however, is that, by vesting in the municipal assembly the power to permit the erection of dairy and cow stables to certain persons, a discrimination is thus declared in favor of such persons, and against all other persons, and the equal protection of the laws denied to all the disfavored class. * * * We do not regard the fact that permission to keep cattle may be granted by the municipal assembly as impairing, in any degree, the validity of the ordinance, or as denying to the disfavored dairy keepers the equal protection of the laws. * * * As the dispensing power must be vested in someone, it is not easy to see why it may not properly be delegated to the municipal assembly which enacted the ordinance. * * * We have no criticism to make of the principle of granting a license to one and denying it to another, and are bound to assume that the discrimination is made in the interest of the public, and upon conditions applying to the health and comfort of the neighborhood. * * * and we see no difficulty in vesting in some body of men, presumed to be acquainted with the business and its conditions, the power to grant permits in special cases."

In *State v. Morrow,* supra, we find the following pronouncement:

"Much can be said in support of the argument which criticizes the ordinance because it fails to prescribe any standard to govern the council in granting or refusing licenses. * * * But here again the point has been settled adversely to defendant. The propriety of vesting such a discretion as that now involved in a 'board appointed for that purpose' was sustained in *Fischer v. City of St. Louis,* 194 U. S. 361, 372, 24 S. Ct. 673, 48 L. Ed 1018."

In *State v. Dirnberger,* supra, an ordinance of the city of Minneapolis provided that no person shall hereafter erect, keep, operate, or maintain within the city limits any laundry, unless such person shall have first obtained a permit from the city council. The court declared:

"It [the ordinance] does not prohibit the establishment of new laundries within any district. It merely requires one desiring to start a laundry anywhere in the city to obtain permission of the city council. * * * There is nothing unconstitutional in vesting the dispensing power in such case in the city council,"—citing *Fischer v. St. Louis,* supra.

In *In re Application of Larkin Co. v. Schwab,* 242 N. Y. 330 (151 N. E. 637), it was held that a city ordinance prohibiting the storage of gasoline without the consent of the city council is not invalid because fixing no standards, rules, or regulations governing the determination of the council as to when its consent should be granted or withheld, the court declaring:

"The council, acting in its legislative capacity, enacted that the dispensing power should be vested in the same body that enacted the statute. Such statute is valid. (*Fischer v. St. Louis,* 194 U. S. 361.) It makes a general rule, but maintains the right to create exceptions. It does not deny to any person the equal protection of the laws, nor deprive him of liberty or property without due process of law. * * * It assumes that the council will exercise its discretion honestly, without unreasonable discrimination against particular persons or classes, and solely as the result of decision that special circumstances dictate exception to general rule."

Our pronouncement in the *Manhattan Oil Co.* case and the foregoing authorities are controlling and decisive of this proposition.

At the time of the adoption of the aforesaid ordinance, there was within the first ward, in the territory which was by the ordinance converted into a residential district, a filling station,

 which is still in operation. It is the holding of the courts that the enactment of an ordinance, under statutory authority such as the one in the instant case, relative to buildings or structures to be hereafter erected, is not unconstitutional for unlawful discrimination because of the fact that a similar building or structure was in the territory at the time of the enactment of the ordinance, which may be exempted from the effect of the act. See *Zahn v. Board of Public Works,* 195 Cal. 497 (234 Pac. 388), affirmed by the Supreme Court of the United States in 274 U. S. 325 (71 L. Ed. 1074); *Baxley v. City of Frederick,* 133 Okla. 84 (271 Pac. 257); *Magruder v. City of Redwood,* 203 Cal. 665 (265 Pac. 806); *Adams v. Kalamazoo Ice & Fuel Co.,* 245 Mich. 261 (222 N. W. 86); *Gorieb v. Fox,* 274 U. S. 603 (71 L. Ed. 1228); *State v. Dirnberger,* 152 Minn. 44 (187 N. W. 972).

It is apparent from the foregoing that the ordinance is not unconstitutional for any of the reasons urged against it by the appellant.

Another claim of the appellant's is that the defendant city has in fact been guilty of discrimination as against him, in that two other parties have been granted permits to erect filling stations within the residential districts in the city. Appellant's claim is not borne out by the record. No permits have been granted to erect filling stations within a residential district. It is true that the city council has amended the original ordinance by withdrawing from the two wards across the river from the plaintiff's property a considerable territory which was originally included within the residential districts, and thereafter two parties were permitted to erect filling stations thereon. It must be borne in mind that, at the time when said filling stations were erected, the real estate on which they were located had, by amendment, been excluded from the residential districts, and not only the land upon which said filling stations are located, but a considerable quantity of other territory, was excluded therefrom at the same time. These two filling stations are far remote from the place where the appellant desires to locate a station. The conditions and environment surrounding the other two stations are entirely different, the district being in close

proximity to places of business, or not so desirable for residence properties. The residential district in the first ward, in which appellant's property is located, remains as originally constituted by the residential district ordinance. The record discloses that the surrounding lots are residences, and that appellant's property is located in the heart of a region which is desirable for residence purposes. There is nothing in the record to show any arbitrary action or abuse of discretion on the part of the city council in refusing the requested permit.

Since the ordinance, for the foregoing reasons, is constitutional, and since the appellant has failed to show that any unlawful discrimination has, in fact, been practiced by the city authorities as against him, the judgment of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, STEVENS, FAVILLE, ALBERT, KINDIG, and GRIMM, JJ., concur.