**William BENNETT, Appellant,**

v.

**Dale GUTHRIDGE, Mayor, et al., Appellees.**

**No. 56326.**

Supreme Court of Iowa.

Jan. 22, 1975.

Richard A. Pundt, Cedar Rapids, for appellant.

C. H. Moyer, Cedar Rapids, for appellees.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question in this case is whether the city council of Hiawatha acted illegally in denying plaintiff William Bennett a permit to erect a modular home on a lot owned by him in Hiawatha. Plaintiff challenged the council's action by certiorari in district court. The trial court annulled the writ after trial. Plaintiff appeals. We affirm the trial court.

Although shown in the caption as a town, the record shows Hiawatha is a city. Plaintiff owns a commercially-zoned lot in Hiawatha. A single family dwelling is a permitted use in commercial zones. Plaintiff wanted to erect a modular home on his lot and applied to the city for a permit to do so.

A modular home consists of prestructured sections, called modules, which are separately brought to a building site and fitted together to construct the dwelling. The home may be adapted to several kinds of foundations.

In this case plaintiff's modular home would be a one story dwelling, 24 feet wide and 60 feet long. Two modules, each 12 feet wide and 60 feet long, would be brought to the site and joined. The resulting structure would be similar in construction detail and appearance to a "double-wide" mobile home.

Plaintiff proposed to put his modular home on a foundation of concrete block piers. The piers would be built by stacking concrete blocks on concrete footings. The perimeter frame at the base of the home would rest on steel joists on top of the piers, and cables would somehow anchor the frame to the ground.

Plaintiff's application for a building permit was made pursuant to Hiawatha Ordinance 56. The ordinance prohibits erection, remodeling, repair, or improvement of a building unless a permit is first obtained from the city. An applicant is required to submit detailed construction plans. The ordinance imposes a number of limitations on construction. One is that, "No permit shall be issued unless the exterior design, location, size, and construction details conform to good building, health, fire prevention and sanitation practices." The mayor acts as inspector and has authority to issue permits. If he denies a permit, the applicant may appeal to the city council.

In this case plaintiff applied to the mayor for a permit, and his application was denied. He appealed to the council, and the council also denied him a permit. He obtained review of the council's decision by certiorari in district court. The council's return to the writ and evidence presented in district court showed the council based its denial of the permit on two grounds, a finding that the proposed foundation for the modular home was inadequate, and a finding that the modular home could be erected only in a mobile home park unless a special permit to put it elsewhere was obtained under the applicable zoning ordinance.

The trial court held there was substantial evidence to support the council's determination that the foundation for the home did not meet the good building practice standard of Ordinance 56 and annulled the writ.

■ I. This is an ordinary certiorari action. The scope of judicial review is fixed by rule 308, Rules of Civil Procedure. Under rule 308 the findings of an inferior tribunal cannot be upset upon certiorari review in district court if supported by substantial evidence unless it is shown they resulted from application of an erroneous legal standard. Vohs v. Dist. Com'rs of Fremont Cty. etc., 218 N.W.2d 595, 596 (Iowa 1974).

■ The fact that the evidence would have supported an opposite decision by the inferior tribunal is of no significance. Reisner v. Board of Trustees of Fire Retirement Sys., 203 N.W.2d 812, 814 (Iowa 1973). Ordinance 56 vests in the body which enacted it, the Hiawatha city council, discretion in the matter of granting building permits. So long as the council does not act unreasonably, arbitrarily, or capriciously, it does not exceed the bounds of that discretion. Marquis v. City of Waterloo, 210 Iowa 439, 228 N.W. 870 (1930).

Plaintiff contends the city council acted illegally with respect to both grounds relied on in denying him his permit. Either of the grounds, if upheld, would be independently sufficient to support the council's action. Like the trial court, we believe the council's finding that the foundation for the home would not conform to good building practices is determinative.

II. In applying for a building permit plaintiff took the position his modular home was not a mobile home as defined in Hiawatha zoning ordinances. He recognized that if it came within the definition of mobile home it could be erected only in a mobile home park unless a special permit was obtained to place it elsewhere on a temporary basis. Under the mobile home ordinance, a special permit for use of a mobile home as a dwelling outside a mobile home park would be good for only one month, although subject to renewal.

Having taken the position his modular home was not a mobile home but was a single family dwelling which could be constructed in any area zoned for residential use, plaintiff subjected himself to the same construction standards as would be applied to any builder in Hiawatha of a permanent single-family residence outside a mobile home park. After reviewing plaintiff's application and hearing his explanation of the proposed foundation, the city council concluded the foundation was not a permanent foundation of the kind conforming to good

building practices for residential dwellings in Hiawatha.

Although plaintiff argues the foundation would be permanent because the footings would be permanent, the evidence shows the footings would come only to ground level. Above that level the foundation would consist of stacked cement blocks. The manner in which the home would be anchored to the ground would critically affect its stability. Plaintiff's application did not disclose how the home would be anchored. Although he described the technique to the council orally, he never provided the council with details of this feature of construction. In deciding the proposed foundation did not comply with the good building practice standard for residential dwellings, the council reasoned that the foundation was temporary and made the home vulnerable to wind damage.

Plaintiff complains that the council would have approved the same kind of foundation for a mobile home. The record supports this contention, but this does not help plaintiff's position. In fact it reveals a fundamental inconsistency in it. Plaintiff thought he should have the best of both worlds, the zoning rights of the builder of a permanent single family residence and the construction rights of the installer of a mobile home in a mobile home park.

 The council was justified in applying the same construction standards to plaintiff as would apply to anyone in Hiawatha proposing to construct a permanent single-family dwelling outside a mobile home park. The record supports the council's conclusion that plaintiff failed to demonstrate the proposed foundation for his dwelling would meet those standards.

 Plaintiff contends the council actually denied his application on aesthetic grounds, because the modular home would not "blend into the neighborhood" and "because it looked like a trailer." There is some indication the council did consider the contrast between the modular home and other buildings in the neighborhood. In doing so, however, council members referred to the permanent foundations of those neighboring structures to illustrate good building practices. The record does not show their decision was premised on aesthetic grounds.

The council decision was supported by substantial evidence and was made by application of a pertinent legal standard. See Grant v. Fritz, 201 N.W.2d 188, 195–198 (Iowa 1972). It was not unreasonable, arbitrary, or capricious. We do not reach the issue whether the modular home was governed by the ordinance limiting mobile homes to mobile home parks.

 III. Plaintiff separately attacks the constitutionality of the council's action, alleging it denied him his right to acquire and possess property assured by Article I, § 1, Constitution of Iowa. Regulations similar to the ordinance involved in this case have long been upheld as valid exercises of the police power. City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921 (1922). We have held the council proceeded lawfully under the ordinance. Having lawfully exercised its power under a constitutional ordinance, the council did not unconstitutionally deny plaintiff a right to acquire and possess property.

We have carefully considered plaintiff's contentions, and we find them without merit. The trial court was right in annulling the writ of certiorari.

Affirmed.