■ GERALD W. CAMPBELL et al., Respondents-Appellants, v CHARLES W. BARRAUD et al., Constituting the Town Board of the Town of Brookhaven, Appellants-Respondents, et al., Defendants.—In an action, *inter alia,* to declare invalid a resolution of the Town Board of the Town of Brookhaven, which amended the town's zoning ordinance and map by rezoning a certain 96-acre parcel to a PRC (Planned Retirement Community) residence district, and for injunctive relief, the defendant town board and the plaintiffs cross-appeal from a judgment of the Supreme Court, Suffolk County, entered January 15, 1976, which (1) denied plaintiffs' request for a declaratory judgment as to the rezoning of the property in question and for a permanent injunction, and (2) declared section 85-62C (D) of the zoning ordinance, which limited occupancy in the PRC district to persons 55 years of age or older, with certain stated exceptions, to be unconstitutional and void. Judgment modified, on the law, by (1) deleting so much of the first decretal paragraph thereof as denied plaintiffs' request for a declaratory judgment and substituting therefor a provision declaring that the rezoning of the subject parcel was not arbitrary or illegal spot zoning and (2) deleting the second decretal paragraph thereof and substituting therefor a provision declaring that section 85-62C (D) of the Zoning Ordinance of the Town of Brookhaven is constitutional. As so modified, judgment affirmed, without costs or disbursements. In May, 1974 the Brookhaven Town Board rezoned a 96-acre parcel of land in the Moriches Bay area, which had been zoned K business and B residence, to PRC residence. This lawsuit, for a declaratory judgment and injunctive relief, is brought by individual homeowners living in the general area of the proposed retirement community. Plaintiffs-respondents-appellants contend that the rezoning is null and void as arbitrary, unreasonable and an exercise in spot zoning. They also contend that article IX-A of chapter 85 of the town code, which was enacted in 1969 and creates the PRC zoning district, is unconstitutional on equal protection grounds in that it discriminates as to occupancy of dwelling units on the basis of age. Special Term, in its decision, found the rezoning to be valid, but declared unconstitutional so much of the ordinance as limits occupancy in the PRC district to persons aged 55 or over, with certain stated exceptions (*Campbell v Barraud,* 85 Misc 2d 97). Defendant town board appeals from the entire

judgment, reiterating its affirmative defense of lack of standing. Plaintiffs cross-appeal from so much of the judgment as failed to declare the subject rezoning to be invalid. Although only two of the plaintiffs live within 200 feet of the subject parcel, the rest residing quite a distance away, they all claim to have a direct stake in the controversy by reason of an alleged diminution in property values and anticipated pollution of the ground water table and the flowing waters of Forge River and Ely Creek, which border the parcel, a peninsula. Standing to challenge the rezoning is, therefore, sufficiently established (see *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1). However, there is some question as to plaintiffs' standing to challenge that part of the ordinance limiting occupancy in the PRC district to persons 55 years of age and over. All but two of the plaintiffs are over 55 years of age and, hence, are not excluded from the district. The plaintiffs who are younger do not assert that they desire to live in the retirement community or that the age restriction operates to disadvantage them in their own housing needs in some manner. Thus, it is highly questionable whether plaintiffs are personally aggrieved by the exclusionary ordinance. Still, in the light of the liberal policy of standing in zoning cases *(Matter of Douglaston Civic Assn. v Galvin, supra),* the ongoing importance of the issue, and the fact that the same or similar issue has been determined on the merits in courts where standing was not challenged by the municipality (see, e.g., *Maldini v Ambro,* 36 NY2d 481; *Shepard v Woodland Twp. Committee & Planning Bd.,* 71 NJ 230), we believe the merits should be reached. It should be emphasized at the outset that plaintiffs do not dispute the general need for senior citizen housing in the Town of Brookhaven, or the power of the town to satisfy such need. Rather, they contend that the rezoning of the subject parcel to the higher density PRC use conflicts with the low density use guidelines of the town's "comprehensive plan" and, hence, constitutes illegal spot zoning; that the rezoning diminished neighboring property values and will cause pollution of ground and flowing waters; and that the rezoning does not satisfy the particular needs of the senior citizen as respects accessibility to shopping, medical, transportation and other necessary facilities. Plaintiffs have not, however, carried their burden of establishing such arbitrariness. In particular, there was no probative evidence of possible damage to either the ground water or the marine edge, especially as the ground water in this area has no significant effect upon the quality of the area's drinking water and the development will be clustered on higher ground and served by a tertiary sewage treatment plant with recharge back into the ground. Abstract comparisons of use density are also somewhat misleading in this case, for it appears that the average population density per single-family unit is twice that of the PRC unit. Finally, the desirability of this particular site for PRC housing, considering access to recreational as well as other necessary facilities, is, at the very least, fairly debatable. Hence, the legal classification must be sustained (see *Rodgers v Village of Tarrytown,* 302 NY 115, 121). The charge of spot zoning is totally unsupportable. Even accepting the claim that this site qualifies as a "small parcel" in relation to the Moriches Bay area as a whole, any disparity in zoning is not to be condemned where, as here, the rezoning is an effort to satisfy a conceded public need for senior citizen housing, which need is also expressed in the comprehensive master plan (see *Rodgers v Village of Tarrytown, supra,* pp 123-124). This court is further of the view that the Brookhaven PRC ordinance is not violative of the town's zoning authority, or of the constitutional guarantee of equal protection of the laws, in limiting occupancy to those persons aged 55 or older. (Section

85-62C [D] of the ordinance additionally allows residency by a spouse under 55, children and grandchildren over the age of 19, and adults under 55 if their presence is essential for the physical care or economic support of eligible older persons.) If it is within the zoning power of the town to provide for the special housing needs of the elderly, by accommodations specifically designed to satisfy their economic, physical, psychological and social needs, and the Court of Appeals has held that it is *(Maldini v Ambro, 36 NY2d 481, supra)*, it must also be permissible for a town board, acting in its legislative capacity, to ensure that such housing is used by the very group for which it has been designed. It is illogical to encourage the construction of housing geared to the specialized needs of the elderly and then prohibit its exclusive use by such group. Moreover, occupancy restrictions of this nature also ensure that all of the original comprehensive planning and effort will not go for naught after the development has become fully operational. In short, we believe it is essential to the achievement of the purpose of the planned retirement community ordinance, and its rational application, that the population group intended to be served by specifically defined and granted exclusive user status. Regulating the use of land by limiting its users, in a situation of this nature, is, therefore, not inherently objectionable (see *Taxpayers Assn. of Weymouth Twp. v Weymouth Twp.,* 71 NJ 249). Nor does an ordinance limiting occupancy in a retirement community to persons over a certain age violate the equal protection guarantee. Age is not a "suspect" criterion and old age, or senior citizenship, merely "marks a stage that each of us will reach if we live out our normal span" *(Massachusetts Bd. of Retirement v Murgia,* 427 US 307, 312-314). Hence, differences in treatment on the basis of age will be sustained so long as the classification rationally furthers a legitimate State objective *(San Antonio School Dist. v Rodriguez,* 411 US 1, 17). This test is satisfied here as regulation of occupancy by reason of age is inherent in the very concept of planned housing for the elderly and is rationally related to the achievement of this laudatory purpose. Drawing the line at age 55 is necessarily an arbitrary choice, but is nonetheless reasonable (see *Taxpayers Assn. of Weymouth Twp. v Weymouth Twp., supra; Shepard v Woodland Twp. Committee & Planning Bd., supra,* which upheld an age 52 occupancy restriction). We would also note that although the New York State Human Rights Law generally declares equal opportunity in housing without discrimination because of age to be a civil right (Executive Law, § 291, subd 2), the more particularized section entitled "Unlawful discriminatory practices" does not include discrimination in housing accommodations because of age (Executive Law, § 296, subd 5, par [a]). The latter omission is consistent with present government policy, on all levels, of encouraging both public and private construction of housing for the elderly. Whether housing for senior citizens should be located on an *ad hoc* basis in existing zoning districts or within its own specially designated district does not concern us here. That determination is essentially a value judgment within the province of the Legislature, not the courts. We would, however, add that, practically viewed, neither the retirement community development nor the multiple residence devoted to the exclusive use of the senior citizen is an age-segregated community in any but the most strained sense of the word "community". (Although the Brookhaven PRC is, in terms, a separate zoning district, the zoning scheme is, in reality, analogous to that obtaining where the planned retirement community is merely a special exception or permissible use in a general residence district.) Finally, we are not unmindful of the fact that senior citizen housing may be embraced as part of an over-all pattern of

improper exclusion in a particular case. To put it bluntly, a municipality could so regulate its zoning districts as to virtually exclude all but senior citizens, high income younger families, and industrial and commercial users, thereby ensuring the benefits of a large tax base. However, the record at bar contains not even a hint, and plaintiffs have never urged, that such is the case in the Town of Brookhaven. Nor is there any basis for suspicion that, in intent or effect, the zoning scheme discriminates against any other group in the township which suffers from exclusion or disadvantage in its own housing needs. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur. [85 Misc 2d 97.]