*372 OPINION OF THE COURT
Robert J. Stolarik, J.
This is a motion by the plaintiffs for summary judgment.
Defendant opposes the application.
This is a declaratory judgment action commenced by the plaintiff to declare unconstitutional the provisions of defendant’s zoning code as they relate to senior citizen housing, defendant’s refusal to amend said restrictions, and defendant’s actions in refusing to grant plaintiffs a special permit. Section 106-16-0-5 of the Town of Clarkstown Zoning Code prohibits the construction of more than 106 dwelling units at any one senior citizen housing site, and subdivision L of section 106-16-0-11 thereof prohibits construction of senior citizen housing sites within 1,500 feet of each other. (The zoning code defines a senior citizen as a person having attained the age of 60.)
Plaintiffs do not dispute defendant’s constitutional power to. provide for the special housing needs of the elderly by the enactment of a zoning ordinance which attempts to meet the need for adequate housing for the aged. (Maldini v Ambro, 36 NY2d 481.) However, it is plaintiff’s contention that the 1,500 foot/106 unit limitations imposed by defendant’s zoning ordinance violate the equal protection clause of the United States and New York State Constitutions. Plaintiffs contend that these limitations lack a rational relationship to the defendant town’s legitimate objective of seeking to provide for the housing needs of its senior citizens but rather impermissibly and unconstitutionally discriminiate against persons over the age of 60. Plaintiffs’ allegation that no other multiple residence zone in the Town of Clarkstown is limited by units or distance between sites is not controverted by defendant.
It is defendant’s contention that those restrictions are part of a "comprehensive scheme” which seeks to provide for the "special needs” of senior citizens and their "integration” into the community as a whole. These restrictions attempt to provide for "small scale” projects throughout the town which would harmonize with the surrounding residential areas. It is defendant’s contention that the subject restrictions have a rational basis in good planning since their objective is to provide for "optimum sized” senior citizen housing throughout the town. Plaintiff contends that these restrictions were enacted pursuant to section 261 of the Town Law which permits *373 a municipality to zone for the general welfare. (Emphasis supplied.)
The limitations imposed upon senior citizen housing by the Town of Clarkstown constitute legislative enactments which are presumed to be constitutional. “The exceedingly strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well. While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality.” (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11.)
The subject limitations were enacted pursuant to section 261 of the Town Law which permits defendant to impose zoning regulations “[f]or the purpose of promoting the health, safety, morals, or the general welfare of the community”.
Considering the plaintiffs’ burden of proving unconstitutionality, the presumption of validity of the zoning ordinance and plaintiffs’ additional burden of establishing that there are no triable issues of fact, the court will consider the merits of plaintiffs’ contentions.
All parties to this action agree that reasonable regulations based upon differences in age are constitutional. However, the issue before this court is simply whether the 106 unit/1,500 foot limitations of the senior citizen zoning ordinance rationally furthers any legitimate interest on the part of the town. (San Antonio School Dist. v Rodriguez, 411 US 1, 17.) The cases cited by both parties are really not determinative of the issue before the court. In Maldini v Ambro (36 NY2d 481, supra), the Court of Appeals held that the Town of Huntington did not exceed its powers in zoning for the general welfare pursuant to section 261 of the Town Law by providing for senior citizen housing and that such a zoning enactment had a rational basis in seeking to meet the town’s need for adequate housing for the aged. The court stated that “ 'Age’ considerations are appropriately made if rationally related to the achievement of a proper governmental objective.” (Maldini v Ambro, supra, p 487.)
In Campbell v Barraud (58 AD2d 570, 572) the Appellate Division, Second Department, sustained a senior citizen zoning ordinance stating that it was “within the zoning power of the town to provide for the special housing needs of the elderly, by accommodations specifically designed to satisfy their eco *374 nomic, physical, psychological and social needs”. That court went on to state that the restriction of residents of such a complex to senior citizens did not violate the equal protection clause because the age classification rationally furthered the legitimate State objective of providing for housing for senior citizens. The United States Constitution does not require that all persons be treated identically but it does require that differences in treatment of persons similarly situated be justified by an appropriate State interest. (Police Dept. of Chicago v Mosley, 408 US 92.) The test to be applied is whether the classification has a rational relationship to a legitimate State objective.
The court disagrees with the issue which plaintiff has framed on the instant application. The issue is not whether the 1,500 foot/106 unit limitations are rationally related to defendant’s legitimate objective of providing for the special needs of the elderly. Rather, the court’s inquiry and the plaintiff’s burden of proof should be to determine whether the 106 unit/1,500 foot limitation of the senior citizen zoning regulations, considered in the context of the town’s comprehensive zoning plan, are rationally related to the defendant’s legitimate objective of zoning for the public health and welfare and for the special housing needs of the elderly. Accordingly, these limitations are not required to pass constitutional muster standing alone, but must be subjected to a test which views them in the context of defendant’s comprehensive plan for zoning.
A senior citizen zoning ordinance which seeks to provide for the special needs of the elderly is "inclusionary” in nature because it seeks to "meet the special needs of its elderly, who otherwise would be likely to be excluded from enjoyment of adequate dwellings within the community” Maldini v Ambro, 36 NY2d 481, 485, supra). However, from the point of view of the remainder of the town’s populace, and from the point of view of the town planners, a senior citizens’ zoning ordinance is restrictive in that the residents of senior citizen dwellings are limited to persons over the age of 60. (Campbell v Barraud, 58 AD2d 570, 572, supra.) In this context a limitation imposed within the senior citizen zoning ordinance (such as the 106 unit/1,500 foot limitations herein) which seeks to provide for dispersion of such complexes throughout the community, thereby controlling the population density of senior citizens’ housing would appear to have a rational basis in the *375 context of the town’s over-all plan for zoning. (Marcus Assoc. v Town of Huntington, 45 NY2d 501.) Therefore, it does not appear as irrational or discriminatory that no such restrictions are imposed upon other dwellings erected in multiple residence zones in the town because the remainder of these buildings are erected without regard to considerations of the age of the occupants and will, therefore, be available for the utilization of the entire populace, including senior citizens.
On the basis of the papers before the court, there is an insufficient record upon which a determination, as a matter of law, could be reached. The parties disagree as to the effect of the subject limitations, plaintiff contending that as a result of these limitations, there are few sites in the town which would qualify for senior citizen housing, thereby discriminating against senior citizens and the town contending that there is an abundance of R-15 land available for senior citizen complexes. Clearly, this is an issue which requires further development upon the trial of this action.
The court finds that plaintiff has failed to meet its heavy burden of demonstrating that these senior citizen zoning limitations are unconstitutional on their face. Accordingly, plaintiffs’ motion for summary judgment is denied.