Bruce REYNOLDS, Larry Reynolds, Elbert Goode, Allen Goode, Eugene McAnnich, Robert Loerke, Mervin Sutherland, Robert Cheny, Jeff Blackford, Richard McPherson and Glenn Appenzeller, Plaintiffs-Appellants,

v.

Robert DITTMER, George Hiladky, Ruth Hardin, The Board of Supervisors of Warren County, Iowa, John Akers, Zoning Administrator of Warren County, Iowa, Guy O. Davis, Windmill Land Corporation, David Rosenberger, S. L. Longabaugh and Murial Evans, Defendants-Appellees.

No. 2-64978.

Court of Appeals of Iowa.

Aug. 25, 1981.

76

Thomas D. Hanson of Blanchard, Cless &
Hanson, Des Moines, for plaintiffs-appellants.

Joseph Z. Marks, Des Moines, and John
Criswell, Warren County Atty. for defendants-appellees.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

JOHNSON, Judge.

Plaintiffs, landowners, appeal from district court's dismissal of their petition for
writ of certiorari, injunctive relief, and declaratory judgment. They assert 1) that as
neighboring landowners, they have standing to challenge approval of three subdivision plats, 2) that defendant board of supervisors lacked statutory authority to review
the planning and zoning commission's disapproval of the plats, 3) that the plats failed
to comply with various applicable ordinances and approval of them therefore was
void, and 4) that defendant board's prior disapproval of the plats was res judicata
and a bar to reconsideration of the matter.
We reverse and remand this case to district court for further proceedings.

On May 22, 1979, plaintiffs filed their petition which, as subsequently amended,
alleged that defendant board of supervisors acted illegally in approving three subdivision plats of defendant developers. Petitioners prayed that the board's approval be
declared illegal and void, that an injunction

issue enjoining and restraining defendant zoning administrator, his agents and representatives, from issuing any permits authorizing construction or development on the three plats, that the court enter an order declaring the county subdivision ordinance void, and that an injunction issue enjoining and restraining defendant developers from performing any residential construction or preparation for residential construction on the plats. Defendants' answer denied the material allegations of the petition and moved to dismiss it alleging that plaintiffs had no standing to sue. After receiving testimony and other evidence, district court found that plaintiffs had failed to prove any special injury different from the injury to the public generally, and that plaintiffs thus had no standing to sue. The court further concluded that plaintiffs' alleged injuries were speculative in nature and that injunctive relief therefore should not be granted. As a result, district court ordered the writ annulled and plaintiffs' petition dismissed. This appeal followed.

**I. Scope of Review.** Our review of district court's judgment in a certiorari proceeding is governed by rules applicable to appeals in ordinary actions and is limited to assigned error. Iowa R.Civ.P. 318. District court's findings of fact are binding on this court if supported by substantial evidence and made by application of the proper legal standards. *Weldon v. Zoning Board of City of Des Moines*, 250 N.W.2d 396, 401 (Iowa 1977); *Bennett v. Guthridge*, 225 N.W.2d 137, 139 (Iowa 1975). Ordinarily, appellate review of a trial court's judgment denying injunctive relief is de novo. *City of Des Moines v. Harvey*, 243 N.W.2d 606, 610 (Iowa 1976).

**II. Standing.** Plaintiffs first assert district court erred in ruling that they had no standing to sue. We agree. We begin our analysis with district court's findings of fact which stated, in part:

The Plaintiffs allege that the development of the platted areas will affect water supplies, cause sewage accumulation and force plaintiffs to close or modify their farming operations and alter their lifestyle at great expense to them. They have failed to establish any of these things by clear and convincing evidence or even by a preponderance of the evidence.

The court concluded, as a result, that:

The Plaintiffs in this action lack standing to seek a declaratory judgment or injunction. They lack sufficient personal stake in the outcome as regards to the approval of the plats and the operations and functioning of the Board of Supervisors in general. The concept of a stake or a tangible interest is essential to insure [sic] the dispute is presented in a concrete adversary context. In reaching this conclusion the Court relies on *Williamson v. Kelly*, 271 N.W.2d 727 (Iowa 1978) where the Court stated: "In order for a private party to assert a claim, he must prove he has been injured in a special manner different from the public generally," *id.* at 729. Although the Plaintiffs' testimony showed concern to the potential problems that might arise (nuisance actions from their livestock odors, increased numbers of dogs, attacks on livestock, increased levels of sewage, potential liability to trespassing children), these are truly speculative in nature. The Plaintiffs failed to show any characteristics separating them from the general population of Warren County. The Plaintiffs, as do all citizens, have an interest in the smooth and proper functioning of their government. However, to bring an action of this type, the alleged injury must be tangible and concrete.

While we agree with the rule as quoted from *Williamson*, we cannot agree with district court's conclusion that plaintiffs failed to prove sufficient special harm for standing. Ordinarily, rights of a public nature are to be enforced by public authority rather than individual citizens. *Channel 10, Inc. v. Independent School District No. 709*, 298 Minn. 306, 215 N.W.2d 814, 820 (1974). A person having only a general interest will not be permitted to initiate action to promote judicial enforcement or interpretation of zoning regulations. 101

C.J.S. *Zoning* § 321, at 1110 (1958). Only a person whose specific interest or property rights are specially damaged, in contrast to any effect suffered by the public generally, is entitled to challenge a zoning authority's decision. 82 Am.Jur.2d *Zoning & Planning*, § 344, at 921 (1976). "Generally speaking, the content of the concept [requiring special damage] is a transplant from the common law of nuisance. . . ." Ayer, *The Primitive Law of Standing in Land Use Disputes: Some Notes From a Dark Continent*, 55 Iowa L.Rev. 344, 346 (1969). In fact, the court in *Williamson*, a case involving an original certiorari action in which two attorneys practicing in Ida County challenged orders of the chief judge of the judicial district forbidding trials in the Ida County courthouse, stated that: "[t]he rule on public nuisance is applicable by analogy." 271 N.W.2d at 729.

In our review of the law, however, we have been unable to find any Iowa cases wherein the court determined whether a person who does not own the land directly affected by a zoning decision has a legal right to object to the zoning change or approval of the subdivision plat.

The Court of Appeals of New York addressed this issue in *Douglaston Civic Association, Inc. v. Calvin*, 36 N.Y.2d 1, 6, 364 N.Y.S.2d 830, 324 N.E.2d 317, 320 (1974), as follows: "We are troubled by the apparent readiness of our courts in zoning litigation to dispose of disputes over land use on questions of standing without reaching the merits, an attribute which is glaringly inconsistent with the broadening rules of standing in related fields [citing cases]." The pertinent discussion in Am.Jur.2d states: "[w]hile the mere fact that one owns property which adjoins or is near the property which is the subject of the administrative [zoning] decision does not necessarily make him a person aggrieved by the decision, it generally takes little more to establish his status as such." 82 Am.Jur.2d *Zoning and Planning* § 344.

In Missouri, an adjoining, confronting, or nearby landowner has standing to challenge the validity of an ordinance or to seek review of an administrative zoning decision without further proof of any special damage. *Allen v. Coffell*, 488 S.W.2d 671, 675 (Mo.App.1972). The Florida supreme court enumerated the following factors as a guide in determining the sufficiency of a person's interest to give standing: 1) proximity of the person's property to the property to be zoned or rezoned; 2) character of the neighborhood, including existence of common restrictive covenants and set-back requirements; 3) type of change proposed; and 4) whether the person is one entitled to receive notice under the zoning ordinance. *Renard v. Dade County*, 261 So.2d 832, 837 (Fla.1972). *See also Campbell v. Barraud*, 58 A.D.2d 570, 571, 394 N.Y.S.2d 909, 911 (1977); *Bryniarski v. Montgomery County Board of Appeals*, 247 Md. 137, 144–46, 230 A.2d 289, 294–95 (1967); Annot., 37 A.L.R.2d 1143 (1954); Comment, *Zoning Determinations*, 64 Mich.L.Rev. 1070, 1079 (1966).

We believe the factors set forth by the Florida court in *Renard* are particularly useful in determining standing and therefore apply them to this case. In so doing, we conclude plaintiffs meet the requirements for standing. All live adjacent or near the proposed subdivisions, the affected area is primarily farm land, and the proposed subdivision will be residential in character. Also, several of the plaintiffs would be entitled to notice of a zoning variance or rezoning which, by analogy, strengthens their position in the instant case. We thus conclude district court erroneously dismissed plaintiffs' petition.

**III. Other Allegations of Error.** It appears that district court also considered plaintiffs' claims on the merits and found that, in any event, they had not proven their entitlement to injunctive relief. Such determination was made without first determining whether the alleged illegal acts had been established. If it is determined on remand that defendant board acted illegally, as alleged by plaintiffs, we are not persuaded that injunctive relief is inappropriate. We thus reverse district court's judgment in this case and remand it for further proceedings on the merits.

REVERSED AND REMANDED.