**IN THE COURT OF APPEALS OF IOWA**

No. 15-0849
Filed January 27, 2016


**IOWA COALITION AGAINST THE SHADOW and ROCKNE COLE,**
     Plaintiff-Appellants,

**vs.**

**CITY COUNCIL OF IOWA CITY,**
     Defendant-Appellee.
_____


     Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.


     A rezoning applicant appeals the district court's decision granting

summary judgment to the City Council of Iowa City and annulling the applicant's

writ of certiorari.  **AFFIRMED.**


     Christopher Warnock, Iowa City, for appellants.

     Elizabeth J. Craig and Sara Greenwood Hektoen, Assistant City

Attorneys, Iowa City, for appellee.


     Heard by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Rockne Cole and Iowa Coalition Against the Shadow (ICATS) appeal the district court's decision granting summary judgment to the City Council of Iowa City involving the rezoning of a certain parcel of land in Iowa City. Rockne Cole, along with Jon Fogarty and Mark McCallum, filed an application to rezone certain property owned by Iowa City. The rezoning application was denied by the City Council, and Cole, along with ICATS, petitioned for a writ of certiorari with the district court to contest the City Council's refusal to rezone the property. Both parties filed motions for summary judgment, and the district court granted the City Council's motion, annulling the writ. On appeal from the district court, Cole and ICATS assert the district court erred in concluding they lack standing to challenge the City Council's decision denying the rezoning application. They also claim the City Council should have granted the application for rezoning as it was appropriate for the parcel in question. Because we agree neither Cole nor ICATS has standing to challenge the rezoning decision, we affirm the district court and need not address the merits of the rezoning decision.

**I. Background Facts and Proceedings.**

Iowa City owned certain property located at the corner of Gilbert and College Streets that was no longer needed for city purposes. The parcel was zoned as "Neighborhood Public Zone" (P-1). The City Council requested developers submit proposals to develop this property, and thereafter, the City Council accepted the proposal from developer Marc Moen to build a twenty-story building, which would contain both commercial and residential units (the Chauncey). Seeking to prevent the building from rising to its anticipated height,

Cole, Fogarty, and McCallum filed an application to rezone the property in question to "Central Business Support Zone" (CB-5), which allows for buildings with mixed uses but has a height restriction of approximately seventy-five feet. In order for the Chauncey to be built, the property would need to be rezoned with a "Central Business Zone" (CB-10) designation, which contains no height restrictions.

None of the rezoning applicants owned property neighboring the parcel in question or sought to purchase the property to erect a building that would comply with CB-5 zoning. The rezoning application urged the City Council "to protect our cherished commons, and allow future generations of children to enjoy the bright sunlight at Chauncey Swan Park without a 20 story tower looming over them. A CB-5 designation will allow our community to grow and prosper without compromising the needs of future generations."

The Planning and Zoning Commission held both informal and formal meetings in April 2013, hearing from many members of the public on both sides of the issue, and ultimately, a recommendation to approve the rezoning application failed based on a vote of 2–5. The applicants requested the City Council consider the rezoning request, which it did at its May 14, 2013 meeting. The City Council also denied the rezoning application based on a vote 5–2, leaving the property zoned P-1.

As there is no right to file a direct appeal from the City Council's zoning decision, Cole and ICATS filed a petition for writ of certiorari asserting the denial of the rezoning application was arbitrary and discriminatory because the City Council had already prejudged the issue and intended to grant CB-10 zoning to

accommodate the Chauncey development. They also asserted CB-10 zoning violated the comprehensive plan and Iowa Code section 414.3 (2013), and constituted illegal spot zoning. After both parties submitted motions for summary judgment, the district court ruled:

> Plaintiffs do not have standing to proceed with this action. First, Plaintiffs cannot show any specific personal or legal interest in the litigation. Plaintiffs have not shown a legal interest in the subject property or surrounding property. Plaintiffs are not neighbors to the subject property. Plaintiffs have not expressed any specific interest in purchasing or developing the property. Plaintiffs have not shown any specific use of the property by Plaintiffs. Rather, Plaintiffs have stated only general claims of interest in the subject property, including that they want to have sunlight be visible in the park next to the subject property, and that the City has breached the public trust. These are not specific personal or legal interests, and if the wrong complained of produces a legally cognizable injury, Plaintiffs cannot show, at this point, that they are among those who have sustained the injury.
>
> Second, Plaintiffs cannot show that they have been injured by Defendant's decision. As previously discussed, Plaintiffs have alleged only general concerns about the rezoning and potential development, and simply cannot show a threatened injury that is real, immediate, and direct.

The court went on to hold that even if Cole and ICATS had standing, their claims regarding whether CB-10 zoning for the property was against the comprehensive plan and whether it was illegal spot zoning were not ripe for adjudication because the City Council had not yet made a decision regarding whether the property would be rezoned as CB-10 to allow for the Chauncey development. The district court determined it would be premature to make a determination as to whether CB-10 zoning violated the comprehensive plan or constituted spot zoning and such a determination could be made if and when the City Council approved such

a request.[1]  Finally, the district court determined the plaintiffs failed to show they were part of a protected class with respect to their claim of discrimination, failed to show the City Council acted unreasonably in denying the rezoning application, and failed to show any due process violation.[2]  The district court annulled the writ and dismissed the case.

Cole and ICATS appeal.[3]

## II.  Scope and Standard of Review.

A writ of certiorari is "an action at law to test the legality of an action taken by a court or tribunal acting in a judicial or quasi-judicial capacity."  *Petersen v. Harrison Cty. Bd. of Supervisors*, 580 N.W.2d 790, 793 (Iowa 1998); *see also* Iowa R. Civ. P. 1.1401.  We review such actions for the correction of errors at law, and we only review the question of jurisdiction and the legality of its actions.

[1] The City Council informed this court in its brief and at oral argument that a subsequent rezoning application to rezone the property to CB-10 has been granted by the City Council.  The City Council advised this court that a property owner within two hundred feet of the property in question sought a writ of certiorari from the district court challenging the CB-10 rezoning decision, the writ of certiorari has been annulled by the district court, and a notice of appeal to the Iowa Supreme Court has been filed.  Because of the subsequent action taken by the City Council to rezone the property in question and the current pending litigation over that rezoning decision, the City Council asserts no ruling from this court regarding the legality of the denial of the CB-5 zoning application would have any effect on the validity of the current CB-10 rezoning decision, making this action moot.  Because we conclude neither Cole nor ICATS has standing, we need not address what effect the subsequent CB-10 rezoning has on the prior application.

[2] It was unclear to the district court whether Cole and ICATS were asserting a procedural or substantive due process claim.  The district court noted, and we agree, that there is no procedural due process violation as notice and an opportunity to be heard was provided to the applicants.  Public meetings on the rezoning application were held both in front of the planning and zoning commission as well as the City Council after notice was provided to all interested parties.  The district court likewise determined no substantive due process violation occurred.

[3] On appeal, Cole and ICATS do not contest the district court's conclusion that their claims that a CB-10 rezoning violated the comprehensive plan or constituted illegal spot zoning are not ripe for adjudication.  They also do not contest on appeal the court's conclusion that they failed to establish their discrimination claim or their due process claim.  Therefore, we need not address these claims in this opinion.

*Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). When the lower tribunal's facts are not supported by substantial evidence or when the law has not been applied properly an illegality exists. *Id.* The district court annulled the writ by granting the City Council's motion for summary judgment. Our review of the district court's summary judgment ruling is also for correction of errors at law. *City of Johnston v. Christenson*, 718 N.W.2d 290, 296 (Iowa 2006). "Summary judgment is properly granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Iowa R. Civ. P. 1.981(3)).

## III. Standing.

Cole and ICATS claim the district court erred in concluding they lack standing to challenge the City Council's denial of the rezoning application. Cole claims as he was one of the applicants who applied for rezoning he has standing to seek review of the propriety of the denial. Because the Iowa City Municipal Code grants him, along with all persons, the ability to apply to rezone any property, he claims he has standing to petition the court for a writ of certiorari if that application is denied.[4] With respect to ICATS's standing, plaintiffs claim that

---

[4] Iowa City Code of Ordinances 14-8D-5A states that the City Council may amend the boundaries of the zoning districts or the regulations or restrictions of the city code on its own motion or upon a petition. Iowa City Code of Ordinances 14-8D-5B provides, "*Any person* intending to request a zoning map amendment or zoning code text amendment is encouraged to meet with staff from the department of planning and community development to discuss basic intentions before investing time in detailed plans." (Emphasis added.) There is no other indication in the city code restricting who may apply for rezoning, and Cole and ICATS rely on the emphasized language above to support their proposition that any person may apply to have property rezoned in Iowa City. The City Council does not contest Cole's ability to apply to rezone the property in question.

the unincorporated association has standing to assert the rights of its members in challenging the rezoning denial.

To have standing to sue means the person "must have sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Alons v. Iowa Dist. Ct.*, 698 N.W.2d 858, 863 (Iowa 2005). The party complaining must "(1) have a specific personal or legal interest in the litigation and (2) be injuriously affected." *Id.* at 864. With respect to zoning decisions made by city councils,

> [a] person having only a general interest will not be permitted to initiate action to promote judicial enforcement or interpretation of zoning regulations. Only a person whose specific interest or property rights are specially damaged, in contrast to any effect suffered by the public generally, is entitled to challenge a zoning authority's decision.

*Reynolds v. Dittmer*, 312 N.W.2d 75, 77-78 (Iowa 1981). When determining whether a person has sufficient interest to challenge a zoning decision, we have relied on factors enumerated by the Florida Supreme Court: "(1) proximity of the person's property to the property to be zoned or rezoned; (2) character of the neighborhood, including existence of common restrictive covenants and set-back requirements; (3) type of change proposed; and (4) whether the person is one entitled to receive notice under the zoning ordinance." *Id.* at 78 (citing *Renard v. Dade County*, 261 So. 2d 832, 837 (Fla. 1972)).

Applying these factors to this case, we agree with the district court's decision that neither Cole nor ICATS has standing to seek judicial redress of the City Council's zoning decision. Neither ICATS nor Cole own property near the parcel at issue. While ICATS may have been formed before the application was

filed,[5] it is not listed on the application as a party seeking the parcel to be rezoned. In addition, even if ICATS has standing to assert the rights of its members as claimed on appeal, there is no indication that ICATS's individual members have standing to challenge the rezoning denial. There is also no indication such members with standing assigned those rights to ICATS to assert the claim on the member's behalf.

In the application, Cole's only stated interest in rezoning the property from P-1 to CB-5 was to prevent a twenty-story building from being constructed on the land. Cole's application stated the rezoning was needed "to protect our cherished commons, and allow future generations of children to enjoy the bright sunlight." Cole also claimed the rezoning was needed for "our community to grow and prosper without compromising the needs of future generations." This is a generalized grievance shared equally with all, or at least a large class of, citizens. *Alons*, 698 N.W.2d at 868 ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

The location of the parcel in question is in a commercial area of the city located near a church, a community park, and a parking garage. The change proposed was to rezone the property from P-1 to CB-5. P-1 land is used for "schools, parks, police and fire stations, and other civic buildings owned or otherwise controlled by the county, the city, or the Iowa City community school

---

[5] The Iowa Secretary of State's Office indicates ICATS first filed for the appointment of an agent on June 3, 2013, several weeks after the City Council denied the rezoning application. However, Cole asserts in his affidavit in opposition to the City Council's motion for summary judgment that ICATS had its initial meeting in late January 2013, before the rezoning application was filed.

district." *See* Iowa City Code of Ordinances 14-2F-1(B)(1). At the time the rezoning application was submitted, the property in question was a vacant lot, used for parking and storage, and one building had a leased business tenant. The CB-5 designation is used "for the orderly expansion of the central business district in accordance with the comprehensive plan; to serve as a transition between the intense land uses located in the central business district and adjoining areas; and to enhance the pedestrian orientation of the central area of the city." *See* Iowa City Code of Ordinances 14-2C-1(H). There is nothing in the character of the neighborhood or the proposed zoning change that indicates Cole or ICATS has a particular interest in the zoning change.

Finally, neither Cole nor ICATS is a party entitled to receive notice under the zoning ordinance. Iowa Code section 414.5 and Iowa City Code of Ordinances 14-8D-5G gives property owners within 200 feet of the property to be rezoned the ability to trigger a super-majority vote of the council if at least 20% of those property owners sign a protest to the proposed amendment. The City Council asserts it has a practice to give notice of proposed zoning changes to the property owners within 300 feet of the affected parcel. On appeal Cole and ICATS assert Pam Michaud, a member of ICATS, owns property less than two blocks from the parcel in question, but neither her name nor her address is listed in the "list of property owners within 300 feet" that Cole attached to the rezoning application.

In addition to agreeing with the district court's conclusion that neither Cole nor ICATS has a specific personal or legal interest in the rezoning decision, we also agree that neither has been injuriously affected by the City Council's

decision to deny rezoning the property to CB-5. The rezoning application was submitted in an attempt to prevent the twenty-story Chauncey from being constructed on the parcel in question. The interest asserted to justify the rezoning change was "to protect our cherished commons, and allow future generations of children to enjoy the bright sunlight at Chauncey Swan Park without a 20 story tower looming over them." Leaving the property zoned P-1 furthered this interest; it did not injure it. In addition, even assuming for the sake of argument the City Council agreed to rezone the property to CB-5, there is no prohibition from the City Council later rezoning the property to CB-10, if and when the Chauncey's developer files an application. Thus, granting the CB-5 zoning designation would not prevent the injury Cole and ICATS seek to avoid.

Because we agree with the district court that neither Cole nor ICATS can show either a specific personal or legal interest or that the City Council's action to deny the CB-5 rezoning application injuriously affected them, we affirm the district court's grant of summary judgment to the City Council and the court's annulment of the writ of certiorari.

**AFFIRMED.**