Robert ZEMAN, Appellant,

v.

**CITY OF MINNEAPOLIS, et al., Respondents.**

No. CX–95–429.

Court of Appeals of Minnesota.

Nov. 28, 1995.

Review Granted Jan. 25, 1996.

Kenneth Hertz, Hertz & Associates, P.A., St. Anthony, David P. Frank, Ada, for Appellant.

Surell Brady, Minneapolis City Attorney, Julie G. Rose, Assistant City Attorney, Minneapolis, for Respondents.

Considered and decided by HUSPENI, P.J., and WILLIS and THOREEN,* JJ.

## OPINION

WILLIS, Judge.

On appeal from a summary judgment, Robert Zeman argues that the city's erroneous revocation of his rental license effected a taking of his property. Zeman also appeals the district court's grant of summary judgment on his constitutional claims and the court's issuance of a protective order. We affirm the summary judgment on Zeman's vagueness claim, procedural due process claim, and equal protection claim. We reverse the summary judgment on Zeman's inverse condemnation claim and remand for re-examination of the protective order ruling.

## FACTS

Appellant Robert Zeman owns a 10–unit apartment building in Minneapolis, Minnesota. Zeman held a provisional rental dwelling license for this building from 1975 until 1993.

In April 1993, Zeman was notified that the Community Crime Prevention SAFE Unit was recommending revocation of his rental dwelling license because of three violations of the Minneapolis "disorderly use" ordinance, which requires a licensee to "take appropriate action" following an incident of disorderly use by "a person occupying" the rental premises. The ordinance authorizes revocation of a rental license on the occurrence of three qualified incidents within a specified time period.

Zeman received three disorderly use notices involving (1) an incident at Zeman's building in which a man threatened to assault a resident of the building; (2) a controlled buy of crack cocaine at Zeman's building, followed by a seizure of drugs from a tenant; and (3) an arrest at Zeman's building of two individuals in possession of drugs and a large amount of cash.

Zeman was told he could contest the revocation recommendation at a hearing before the Rental License Board of Appeals. After its hearing, the Board of Appeals recommended revoking Zeman's provisional rental dwelling license. The Public Safety and Regulatory Services Committee of the Minneapolis City Council adopted the recommendation and referred the matter to the city council, which revoked Zeman's license.

Zeman sued, contending that his license was erroneously revoked, that the Minneapolis ordinance was unconstitutionally vague, that the revocation of his license violated his rights to equal protection and due process, and that the revocation was an unconstitutional taking of his apartment building.

In response to the city's motion for summary judgment, the district court concluded that (1) the ordinance was not unconstitutionally vague, (2) Zeman's license was erroneously revoked,[1] (3) the revocation did not deprive Zeman of his rights to substantive or procedural due process, and (4) Zeman could not maintain an action for damages pursuant

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The court found that the revocation was improper because two of the three arrests on which

it was based did not involve occupants of the premises. The ordinance specifies "disorderly use" by persons occupying the premises.

to 42 U.S.C. § 1983. The court denied summary judgment on the unconstitutional taking issue.

The matter was again before the district court on various motions of the parties and Zeman's petition for alternative writ of mandamus. Zeman sought a writ compelling the city to reissue his rental dwelling license and compensate him for the temporary taking of his apartment building or, alternatively, requiring the city to commence condemnation proceedings against the building.

The district court dismissed Zeman's petition for a writ of mandamus, granted Zeman's motion for an order compelling the city to reinstate his rental license, and granted the city's motion to dismiss Zeman's claim for inverse condemnation.

## ISSUES

I. Did the district court err in dismissing Zeman's writ of mandamus to commence condemnation proceedings?

II. Did the district court err in concluding that Minneapolis, Minn., Code of Ordinances § 244.2020 (1991), is not unconstitutionally vague?

III. Did the district court err in granting the city summary judgment on Zeman's procedural due process claim?

IV. Did the district court err in concluding that Zeman could not maintain an action for damages under 42 U.S.C. § 1983 for the deprivation of his right to equal protection?

V. Did the district court err in granting the city summary judgment on Zeman's substantive due process claim?

VI. Did the district court abuse its discretion in issuing a protective order precluding Zeman from deposing City Council Member Jackie Cherryhomes?

## ANALYSIS

On appeal from a summary judgment, this court must determine (1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law.

*City of Virginia v. Northland Office Properties Ltd. Partnership,* 465 N.W.2d 424, 427 (Minn.App.1991), *review denied* (Minn. Apr. 18, 1991).

### I.

Zeman contends that the erroneous revocation of his rental license constitutes a taking of his property without compensation. The district court concluded that Zeman's taking claim was a camouflaged tort claim, stating that "[b]ecause [Zeman] is statutorily barred from bringing a tort action against the City, he is likewise barred from compensation for the wrongful revocation of his rental dwelling license."

■ The fact that a negligence claim is barred by discretionary immunity does not, however, in all cases preclude an inverse condemnation claim. In *Wilson v. Ramacher,* a property owner sued the City of Lino Lakes, alleging that the city was negligent in issuing permits to adjacent property owners that resulted in the diversion of surface waters onto the plaintiff's property. 352 N.W.2d 389, 392 (Minn.1984). The Minnesota Supreme Court affirmed the district court's determination that discretionary immunity protected the city from the negligence claims, but the court remanded the case, granting the plaintiff leave to amend the complaint to allege an inverse condemnation claim, stating "[t]he defense of discretionary immunity does not, of course, apply to inverse condemnation." *Id.* at 395.

The district court here, while not citing *Wilson v. Ramacher,* found that, even if an inverse condemnation claim were possible, Zeman failed to establish that he was deprived of all economically viable uses of his property and there was, therefore, no basis for an inverse condemnation claim.

Private property may not be taken for public use "without just compensation." U.S. Const. amend. V.; Minn. Const. art. 1, § 13. In 1922, the United States Supreme Court recognized that regulations on property will be considered takings if they go "too far." *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 415, 43 S.Ct. 158, 160, 67 L.Ed. 322 (1922). No specific formula or rule exists to determine when a regulation has gone "too

far" under the Fifth Amendment. *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978).

In deciding whether a regulation has gone too far, courts have favored an "ad hoc factual" or "case-specific" inquiry weighing competing public and private interests. *Woodbury Place Partners v. City of Woodbury*, 492 N.W.2d 258, 260 (Minn.App.1992), *review denied* (Minn. Jan. 15, 1993), *cert. denied*, —— U.S. ——, 113 S.Ct. 2929, 124 L.Ed.2d 679 (1993). The Supreme Court has identified factors to guide courts in ad hoc factual inquiries, including (1) the economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, and (3) the character of the government regulation. *Penn Central*, 438 U.S. at 124, 98 S.Ct. at 2659. In addition, the Court has recognized two categories of regulatory action that amount to compensable takings without requiring a case-specific inquiry or a balancing of public and private interests: (1) when regulations compel owners to suffer physical invasion or occupation of their property and (2) when regulations deny "all economically beneficial or productive use of land." *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015, 112 S.Ct. 2886, 2893, 120 L.Ed.2d 798 (1992).

Even though the district court questioned whether *Lucas* applied because Zeman was deprived of his rental license only temporarily, it analyzed this case under the categorical rule of *Lucas*, instead of the *Penn Central* case-specific inquiry.

Under analogous facts, this court has rejected an application of *Lucas* analysis in lieu of the case-specific approach prescribed by *Penn Central*. In *Woodbury Place Partners v. City of Woodbury*, property owners sued the city, alleging an unconstitutional taking arising from an interim moratorium denied the owners economically viable use of their property for two years. 492 N.W.2d at 261. The district court determined that a categorical taking had occurred, based on *Lucas*. *Id.*

at 263. This court reasoned that a two-year moratorium did not deny "all economically viable use" of the property, and thus, analysis under the *Lucas* standard was error. *Id.* Because the record did not resolve the extent to which the moratorium "interfered with distinct, investment backed expectations or the magnitude of the economic impact on the partnership," the court refused to decide whether a compensable taking had occurred. *Id.* This court reversed and remanded stating that the three-factor *Penn Central* inquiry, rather than the categorical rule of *Lucas*, should be applied to determine the taking issue. *Id.*

■ Because Zeman's rental license has been reinstated and therefore any taking of his apartment building was temporary, this case is more similar to *Woodbury* than to *Lucas*. We recognize that the analogy between *Woodbury* and this case is not a perfect one and that our decision to remand for application of the *Penn Central* factors may be viewed as an extension of the holding in *Woodbury*. We nonetheless conclude that this case must be remanded so that the district court can make findings on the three *Penn Central* factors and determine whether a compensable taking occurred.

## II.

■ Zeman contends that the ordinance is unconstitutionally vague because neither "written report" nor "appropriate action" is defined. A law is not void as vague if ordinary people can understand what actions are prohibited and the law does not encourage arbitrary and discriminatory enforcement. *Ruzic v. Commissioner of Pub. Safety*, 455 N.W.2d 89, 91 (Minn.App.1990), *review denied* (Minn. June 26, 1990). A municipal ordinance is presumed constitutional, and the burden of proving an ordinance unconstitutional rests on the party attacking its validity. *City of Saint Paul v. Dalsin*, 245 Minn. 325, 329, 71 N.W.2d 855, 858 (1955).

■ The district court found that because "report" has an ordinary meaning [2] and be-

---

2. Report is defined as "a statement or account brought in and presented, often for publication." Webster's New World Dictionary 1206 (1982).

cause the ordinance describes the report's contents, failure to define "report" did not render the ordinance unconstitutional. We agree.

█ The district court also concluded that the ordinance's failure to define "appropriate measures" did not render the law unconstitutional. Because the actions necessary to avoid future disorderly use may vary, depending on the condition and problems associated with a given property, the district court reasoned that it was necessary to vest the definition of "appropriate action" in the discretion of the city council.

The Minnesota Supreme Court has upheld an ordinance that allowed a city council to grant or refuse a license for parking lots without any standards to govern the council's decision. *State v. Morrow*, 175 Minn. 386, 388, 221 N.W. 423, 423 (1928). The court reasoned that it was appropriate to vest such discretion with the "board appointed for that purpose." *Id.* (quoting *Fischer v. City of St. Louis*, 194 U.S. 361, 372, 24 S.Ct. 673, 675, 48 L.Ed. 1018 (1904)). "[T]here is nothing unconstitutional in vesting such a broad 'dispensing power' in a city council." *Id.; see also Moskovitz v. City of St. Paul*, 218 Minn. 543, 549, 16 N.W.2d 745, 748 (1944) (holding that the city council has discretion to decide whether particular actions constituted "misconduct" that would allow the council to revoke a liquor license).

We agree with the district court that it is proper to vest the authority to determine the meaning of "appropriate action" in the discretion of the city council. The ordinance is not unconstitutionally vague.

### III.

Zeman argues that he was denied procedural due process because he was prevented from having a meaningful opportunity to respond to the city's claims. The district court granted the city summary judgment on Zeman's procedural due process claim.

█ In an action to revoke a license, procedural due process requires the city to provide timely notice of the revocation hearing; to afford adequate time for the licensee to investigate the charges and prepare a de-

fense; and to give the licensee an opportunity to respond to the charges, to present evidence through witnesses under oath, and to confront and cross-examine opposing witnesses under oath. *Trumbull Div., Owens–Corning Fiberglass Corp. v. City of Minneapolis*, 445 F.Supp. 911, 917 (D.Minn.1978).

The record shows that Zeman was afforded all of these procedural protections. Therefore, the district court correctly determined that Zeman was not denied his right to procedural due process.

### IV.

Zeman argues that the city violated the Equal Protection Clause and is liable under 42 U.S.C. § 1983 (1988) because he was treated differently from other landlords in the enforcement of the ordinance.

█ The Minnesota Supreme Court has suggested that municipal licensing decisions be reviewed, for purposes of equal protection analysis, in the same manner as municipal special use permit decisions. *See Tamarac Inn v. City of Long Lake*, 310 N.W.2d 474, 478 (Minn.1981). The Equal Protection Clause requires that similarly-situated applicants for special use permits receive similar treatment by a municipality. *Id.*

█ Relying on *Minneapolis Auto Parts Co. v. City of Minneapolis*, the district court found that Zeman was not a member of a suspect classification and that no fundamental rights were implicated in his action; therefore, section 1983 did not provide a remedy. *See* 572 F.Supp. 389, 396 (D.Minn. 1983) (dismissing equal protection claim under § 1983, where plaintiffs failed to demonstrate infringement of constitutional guarantees in city council's denial of applications for permits and licenses).

The district court properly determined that section 1983 does not provide a remedy for the city's alleged violation of Zeman's right to equal protection.

### V.

Zeman argues that his right to substantive due process was violated because his rental dwelling license is a constitutionally-protect-

ed property interest, which was extinguished by the city's arbitrary and capricious revocation decision. Zeman contends that because the city violated his rights, the city is liable under 42 U.S.C. § 1983.

A substantive due process violation occurs in the context of section 1983 when there has been a deprivation of a protectable property interest and that deprivation results from an abuse of government power sufficient to state a constitutional violation. *See Northpointe Plaza v. City of Rochester,* 465 N.W.2d 686, 689 (Minn.1991) (zoning action adopting the Eighth Circuit's test for substantive due process violation in the context of § 1983). The district court found that, although Zeman suffered a deprivation of a protectable property interest, this deprivation did not rise to the level of a deprivation of a constitutional right.

Whether an abuse of government power constitutes a constitutional violation depends on "whether it is so 'egregious' and 'irrational' that the action exceeds standards of inadvertence and mere errors of law." *Id.* (quoting *Condor Corp. v. City of St. Paul,* 912 F.2d 215, 220 (8th Cir.1990)). The *Northpointe* court noted that the only substantive due process cases that have been found actionable in the zoning context have been cases in which the state action has been "motivated by personal or political animus." *Id.* at 691.

Zeman alleged that his previous antagonistic relationship with City Council Member Cherryhomes might have influenced the decision to revoke his license. Because we are directing the district court to re-examine the protective order that it issued precluding Zeman from deposing Cherryhomes, we do not address whether the revocation of Zeman's license constituted a violation of his constitutional right to substantive due process under 42 U.S.C. § 1983.

## VI.

Zeman argues that the district court abused its discretion by issuing a protective order precluding him from deposing City Council Member Cherryhomes. Zeman claims that Cherryhomes was the driving

force behind the revocation of his license and that Cherryhomes and he have conflicted on other matters in the past. Zeman points out that (1) Cherryhomes was a member of the Public Safety and Regulatory Services Committee that considered the findings and the recommendation of the Rental License Board of Appeals, (2) at a meeting of this committee, Cherryhomes urged the committee not to postpone revocation of Zeman's license, (3) Cherryhomes informed the committee of criminal activities and other problems associated with Zeman's property, and (4) Cherryhomes voted with the full council to revoke Zeman's license.

It also appears from the record that, in issuing the protective order, the district court did not consider the issue of the alleged personal animosity between Zeman and Cherryhomes. The question of whether the city's action was motivated by personal or political animus is relevant to Zeman's substantive due process claim. *See Northpointe,* 465 N.W.2d at 691. While we express no opinion regarding resolution of this issue, we direct the district court to address it in re-examination of the protective order on remand.

## DECISION

The district court properly determined that Minneapolis, Minn., Code of Ordinances § 244.2020 (1991), is not unconstitutionally vague, that Zeman was not denied procedural due process, and that Zeman cannot maintain an action for damages under 42 U.S.C. § 1983 for the alleged deprivation of his right to equal protection. Because we hold that the district court erred in awarding the city summary judgment on Zeman's inverse condemnation claim, we remand for trial on this issue.

**Affirmed in part, reversed in part, and remanded.**